104 So.2d 397 (1958)
John F. THOMAS, Jr., Appellant,
v.
CILBE, INC., a Florida corporation, Rivalto, Inc., a Florida corporation, and Orlando Amusement Company, a Florida corporation, Appellees.
No. 166.
District Court of Appeal of Florida. Second District.
July 11, 1958.
Rehearing Denied July 29, 1958.
*398 R.M. Hart and Hal H. McCaghren, West Palm Beach, for appellant.
Pallot, Cassel & Marks, Miami, for appellees.
KANNER, Chief Judge.
Two orders of the circuit court of Palm Beach County issued subsequent to that court's declaratory decree, the effect of which was a denial of supplementary relief sought under the declaratory decree statute, give rise to this appeal. No appeal was taken from the final decree itself. Notice of appeal to the Supreme Court of Florida was filed, and the cause on appeal was by that court transferred to the Second District Court of Appeal of Florida for consideration and determination, pursuant to authority of section 26(6), Article V of the Constitution of the State of Florida, F.S.A. as amended in the general election of November, 1956.
Appellant's suit was for a declaratory decree concerning the construction and validity of certain leases, subleases, and other related instruments involving properties owned by him, and for other relief. The chancellor entered a declaratory decree on June 18, 1956, incorporating certain findings of fact and determining that these instruments were of no force and effect either because of abandonment, expiration, or because they were void from inception.
On July 3, 1956, appellant filed a petition for supplemental relief based on the declaratory decree, and on July 7, 1956, filed what he styled "Notice of Additional Claims for Supplemental Relief". Notice was promptly given in each instance for hearing. The initial petition sought relief for rents and repairs and the later one sought additional supplemental relief, in connection with the original petition, for taxes, costs, and attorneys' fees. At the request of one of the appellees the court entered an order cancelling the hearing set on the petition for July 16, 1956, with leave to set the hearing after September 30, 1956. The matter was again set at the request of appellant on the petition for supplemental relief and on the additional claim for relief in connection therewith. After hearing, the court entered an order dated November 6, 1956, determining that the final decree should stand as entered, that appellant was entitled to possession of the premises, the keys, the rents and profits therefrom as of the date of the final decree. Leave was given to appellant to apply upon due notice for assistance requiring conformance to the order.
On November 20, 1956, appellant filed a motion for judgment and costs based on the order of November 6. This was denied by court order of November 28, 1956, on the ground that the court lacked jurisdiction to grant the relief. On December 12, 1956, notice of appeal was filed directed to the orders of November 6 and of November 28, 1956. The appeal was taken to the Supreme Court of Florida and transferred as stated to this court for decision.
The appellees contend that the orders are not appealable orders. So, precursive to consideration by the court of this appeal is *399 the question of the appealability of these orders rendered subsequent to the declaratory decree. No appeal was taken from the declaratory decree; the time for appeal had expired when the notice of appeal was filed. Under the declaratory decree or judgment statutes, all decrees, judgments or orders may be appealed or reviewed and such appeal or review is governed by the same principles as govern decrees, judgments, and orders in other actions. See section 87.06 Florida Statutes, F.S.A.; and North Shore Bank v. Town of Surfside, Fla. 1954, 72 So.2d 659. This appellate proceeding was brought prior to the effective date, July 1, 1957, of section 26(6), Article V of the Constitution of the State of Florida and of the Florida Appellate Rules effective under the same date. This appeal, therefore, is governed by the rules theretofore in effect. See 31 F.S.A. Rule 1.4, Florida Appellate Rules.
Not all orders entered subsequent to final decree are interlocutory, but in a proper case an order entered after final decree may of itself constitute a distinct adjudication so final in nature as to partake of the character of a final decree and may, therefore, sustain an appeal. Thus it is stated in the case of Hollywood, Inc., v. Clark, 1943, 153 Fla. 501, 15 So.2d 175, at page 179:
"That inquiry suggests a preliminary question: Was the order of June 26, 1942, an appealable order? Leaving aside for the present the question as to whether the decree of February 2, 1942, and the amendatory order of June 26, 1942, together formed one final decree, we hold that the last order was an appealable order. It certainly was not a mere interlocutory or supplemental order (Kooman's Fla.Chanc.Pldg. Prac. §§ 153, 186, 187) but was a final and distinct adjudication of rights which had not been, but which could have been, adjudicated in the original decree, and was, in and of itself, as to the distinct and particular matter adjudicated therein, so final in its nature as to give it the character of a final decree. Hence it was an appealable order or decree, whether the effect was to bring the original decree up for review as a part of it, or not, and it was not necessary or appropriate for the appellant to resort to review by special certiorari under Supreme Court Rule 34. See Theo. Hirsch Co. v. Scott, 87 Fla. 336, 100 So. 157; Fullerton v. Clark, 142 Fla. 200, 194 So. 481; Berns v. Harrison, 100 Fla. 1105, 131 So. 654; Heverle v. Rasmussen, 103 Fla. 76, 139 So. 259; Dade County v. Snyder, 134 Fla. 756, 184 So. 489; McKell v. Jackson, 107 Fla. 668, 145 So. 418; 3 C.J. 518; 4 C.J.S. Appeal and Error § 130, p. 259; Id., §§ 93-95, pp. 184-190; 2 Am.Jur. 858-865."
And further in this same case, quoting from page 182 of 15 So.2d, it is said:
"This is somewhat in line with a principle announced in Theo. Hirsch Co. v. Scott, supra, to the effect that: `An appeal may be taken upon matters arising after a final appealable judgment or decree which require the judicial action of the court in relation to the rights litigated in the main suit making necessary a substantive and important order or decree, when such order or decree partakes of the nature of a final decision of those rights.'"
The principle thus stated was reiterated by the Supreme Court of Florida in the case of Eristavitchitcherine v. Miami Beach Federal Savings and Loan Ass'n, 1944, 154 Fla. 100, 16 So.2d 730. However, in that case, as distinguished from the case of Hollywood, Inc., v. Clark and the line of authorities preceding it, the orders appealed from were interlocutory in nature because they were made pursuant to and in connection with the mere enforcement of a final decree and were without the characteristics of a distinct and final adjudication. So the Supreme Court of Florida in that case considered the notice of appeal as a petition *400 for writ of certiorari under the applicable rule and statute.
It is to be noted that neither the case of Hollywood, Inc., v. Clark nor the Eristavitchitcherine v. Miami Beach Federal Savings and Loan Ass'n case was brought under the declaratory decree statute, but that the first named case was a suit to quiet title and the second to foreclose a mortgage.
The supplemental relief sought, the denial of which is the substantive basis of this appeal, was predicated upon and pursuant to provisions of section 87.07, Florida Statutes, F.S.A., as follows:
"Further relief based on a declaratory decree, judgment or order may be granted whenever necessary or proper. The application therefor shall be by petition to the circuit court having jurisdiction to grant the relief. If the application be deemed sufficient, the circuit court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory decree, judgment or order, to show cause why further relief should not be granted forthwith."
It is immediately perceived that a petition for relief based on a declaratory decree as authorized by the statute gives the right to the adverse party to show cause why further relief should not be granted. Thus it is apparent that the statute authorizes in a proper case an additional and distinct adjudication based upon and to supplement the declaratory decree.
In a declaratory proceeding, a circuit court's declaration may be either affirmative or negative in form and effect and such circuit court declaration shall have the force and effect of a final decree, judgment or order. Section 87.01, Florida Statutes, F.S.A.
We are of the opinion that these orders rendered in a declaratory proceeding under specific statutory authority were orders substantive in their nature and constituted a distinct and separate adjudication of rights not dealt with in the original decree and were therefore appealable.
This was a suit in equity. As heretofore indicated, this appeal is governed by the appellate procedure operative prior to the effective time for the functioning of the district courts of appeal. So even if the orders here were interlocutory in nature, the notice of appeal could be considered as a petition for writ of certiorari. See Eristavitchitcherine v. Miami Beach Federal Savings and Loan Ass'n, 1944, 154 Fla. 100, 16 So.2d 730; Johnson v. Every, Fla. 1957, 93 So.2d 390; and section 59.45, Florida Statutes, F.S.A.
The appellees also urge that the petition for supplemental relief and the motion for judgment and costs were filed too late to be effective as a petition for rehearing under Rule 3.16(a) of the Florida Rules of Civil Procedure, 31 F.S.A. because of the ten day limitation of that rule, that the petition may not be interpreted as a bill of review, and that it cannot be construed as a motion so as to bring it within the purview of Rule 1.38, Florida Rules of Civil Procedure, 30 F.S.A., relating to the correction of judgments, decrees, and proceedings. It is enough to say that a petition for supplemental relief pursuant to a declaratory decree as authorized by section 87.07 is neither a petition for rehearing, a bill of review, nor a motion to correct a judgment, decree, or proceeding because of mistake, oversight, or omission. A cursory reading of the petition and motion for supplemental relief clearly reveals that the relief sought is under the declaratory decree statute.
We now arrive at the substantive phases of the appeal. As has been previously indicated, section 87.07, authorizing supplemental relief based on a declaratory decree, contemplates an additional adjudication with reasonable notice to the adversary and a right to show cause by him why further relief should not be granted. *401 The chancellor on the initial petition entertained it and ruled that the final decree should stand as entered and that appellant was entitled to the possession of the premises, the keys thereto, and rents and profits therefrom as of the date of the final decree and further provided that application for assistance upon due notice could be made to require conformance with the order. But later, on the motion for judgment and costs filed pursuant to the order mentioned, he then ruled that he was without jurisdiction to grant the relief, giving no reason for such ruling.
Section 87.07 is derived from a corresponding section of the Uniform Declaratory Judgments Act. There have been some divergent views concerning the construction of this section of the act. Some courts have held that the section authorizes only additional declaratory relief. See particularly Brindley v. Meara, 1935, 209 Ind. 144, 198 N.E. 301, 101 A.L.R. 682. However, this construction of the statute appears to have received slight or no recognition in other jurisdictions. See Anderson on Declaratory Judgments, volume 2, section 451, pp. 1056-1058, where it is said:
"With all due respect to the learned Supreme Court of Indiana, its pronouncement in this regard has met its just fate and has received little or no recognition in other jurisdictions and in later cases. It is now firmly established beyond peradventure of doubt that the supplemental relief contemplated by the statutes is not limited to further declaratory relief, and such further relief may include an assessment of damages or other coercive relief which may be obtained by a petition in the same action and in the same court in which the declaratory relief was granted.
"While it is true that the declaratory judgment statute does not authorize the retention by the court of any jurisdiction after entering a declaratory judgment, yet it does not follow that a court may not retain jurisdiction to enter such subsequent orders that will make effective the declaratory judgment that has been granted. The power of the court of equity to retain jurisdiction to give complete and effectual relief is well established, and it follows without any serious controversy that the court may make such further orders to give effect to a declaratory judgment as shall seem meet and proper.
"The supplemental relief may be any relief necessary to make effective the declaratory judgment, even though it consists in the granting of a money judgment in the case, after the rendition of a declaratory decree.
"It would seem that the sounder rule is that the supplemental or additional relief may be granted in the same action, or cause, and that the court, upon a sufficient pleading having been filed therefor, so long as the court avoids rendering a judgment deciding merely a moot, fictitious, or colorable question, it may grant any relief, whether declaratory or executory, to carry into effect its declaratory order, judgment or decree. * * *"
Further at page 1059 it is said:
"* * * It would be unreasonable to hold that a court had jurisdiction to determine the rights of the parties, but the successful party had no remedy to enforce such rights after they had been determined. No such unjust results can be read into the declaratory judgment statute. Undoubtedly, the general rule is that in a declaratory judgment proceeding coercive relief is not as a general rule sought, but it may be obtained, that is, rights of the parties may not only be determined but may be enforced in the one action or as we have seen by an independent action subsequent thereto. * * *"
*402 For another statement of the general law to the same effect, see 26 C.J.S. Declaratory Judgments § 162, pp. 379-380; and 16 Am.Jur., Declaratory Judgments, section 78, pp. 342-344 and supplement thereto pp. 82-83.
It is generally held that a money judgment may be obtained for damages sought as incidental or supplemental relief pursuant to a declaratory decree. 26 C.J.S. Declaratory Judgments § 162, p. 382. See, also, Texasteel Mfg. Co. v. Seaboard Surety Co., 5 Cir., 1946, 158 F.2d 90; E.F. Prichard Co. v. Heidelberg Brewing Co., 1950, 314 Ky. 100, 234 S.W.2d 486; Sweeney v. American Nat. Bank, 1941, 62 Idaho 544, 115 P.2d 109; Estey v. Susquehanna Pipeline Co., 1950, 199 Misc. 290, 98 N.Y.S.2d 560; and Lowe v. Harmon, 1941, 167 Or. 128, 115 P.2d 297.
Thus in the California case of Tolle v. Struve, 1932, 124 Cal. App. 263, 12 P.2d 61, 63, in a declaratory action with respect to the validity of a lease and sub-lease, the appellant attacked the allowance of a judgment for accrued rent and it was held that this fell within the provisions of the section of the statute allowing "a declaration of rights or duties, either alone or with other relief". See, also, Goldring v. Kline, 1955, 71 Nev. 181, 284 P.2d 374.
Over and beyond the authorities cited dealing with the substantive phases of the appeal, it should be noted that the scope of the jurisdiction of a circuit court in a declaratory action authorizes any person seeking a declaratory decree, judgment or order, in addition to praying for a declaration, also to pray for alternative, coercive, subsequent or supplemental relief in the same action. Section 87.01(2), Florida Statutes, F.S.A.
There appears to be only one Florida case dealing directly with supplemental relief under the declaratory decree statute. That is the case of Garden Suburbs Golf & Country Club v. Pruitt, 1946, 156 Fla. 825, 24 So.2d 898, 170 A.L.R. 1107, construing the terms of certain leases. The court below ordered an accounting, even though no accounting was sought; and in this connection, pertaining to the matter of supplemental relief, the following is stated on page 901 of 24 So.2d:
"Error has been assigned as to one other feature of the final decree, which we think is well taken. After fully construing the lease provisions the chancellor ordered the plaintiff `to account herein for all gross income heretofore received by it or its sublessee or tenants of the sublessee from operation of the dining and bar facilities of the hotel within thirty (30) days from date hereof, and upon the stating and approval of such account, to pay over to the Receiver of the defendant corporation such sums as shall be found to be due and owing to the lessor as unpaid annual rental for the hotel premises on the basis herein declared and fixed.' In ordering such accounting and payment over, we think that the chancellor went too far under the state of the pleadings. As we read the transcript before us, the suit was instituted under chapter 21820, Laws of Florida 1943, F.S.A. § 87.01 et seq., for a declaration of the rights, status and equitable and legal relations of the parties under the lease involved. Plaintiff limited its prayers in the bill of complaint to the field of declaratory relief and to injunction in support of the primary objective of the bill. No accounting was sought by either party to the suit, or by the receiver who was subsequently substituted as a party defendant and now defends the suit, yet the foregoing provision of the decree complained of requires the plaintiff to account and to pay over amounts found to be due and owing to the defendant's receiver.
"Although chapter 21820, Laws of Florida 1943, contemplates that in a proper case supplemental or additional relief based upon a declaratory decree *403 may be granted, section 7 of the statute requires that application for such relief shall be by petition to the circuit court having jurisdiction to grant the relief, with reasonable notice accorded the adverse party to show cause why such relief should not be granted. We fail to find that such procedure was followed in the case at bar. It follows therefore that as to this feature of the case the decree appealed from must be reversed, but with leave to the parties and the court below to proceed to an accounting or other relief upon supplemental pleadings if such course seems necessary or proper." (Emphasis supplied.)
In the Garden Suburbs Golf & Country Club v. Pruitt case it is seen there was a failure to pursue the procedural steps specified by the statute for supplemental relief, so the case was reversed. In the instant case the procedure prescribed by the statute was substantially followed.
The existence of another adequate remedy does not preclude a decree, judgment, or order in a suit for declaratory relief; and the court has the power to grant full and complete equitable relief. See section 87.12, Florida Statutes, F.S.A. Too, chapter 87 relating to declaratory decrees, judgments, and orders is declared to be substantive and remedial and is to be liberally administered and construed. Also, in addition to the statement of the purpose of the declaratory act contained in section 87.11, Florida Statutes, F.S.A., we can see that in a declaratory proceeding, in a controversy such as we have here, a multiplicity of suits can be avoided, while an adequate, expedient, and inexpensive remedy can be afforded for litigants in a single action.
So it follows that since appellant had met the requirements of the statute substantially, the chancellor should have permitted him to go forward with the proceeding for supplemental relief. His denial was error and must be reversed.
It appears that the order of the court below which states that appellant was entitled to "profits" was not sought in the application for supplemental relief, nor does there appear to be any foundation for it in the record.
Nothing contained in this opinion is intended in any manner to imply a ruling on the merits of the application for supplemental relief or any issue formed thereunder. It is once again emphasized that the statute contemplates that further relief based upon a declaratory decree may be granted whenever necessary or proper, with reasonable notice to the adversary and the right by him to show cause why such relief should not be granted. These matters are not subject to determination here. The determination is to be made under the proceedings in the court below pursuant to the statute. The decree must be reversed for further proceedings not inconsistent with the views set forth in this opinion.
Reversed.
ALLEN, J., and SMITH, CULVER Associate Judge, concur.