ANDREWS, Judge.
This matter is before the court on appeal from a declaratory decree upholding the validity of the note and mortgage of the defendant and denying request for damages by the plaintiff.
It appears that the plaintiff purchased certain rental property in Sarasota from the defendant in consideration of the sum of $25,000, paying $10,000 cash and executing a note and purchase money mortgage for $15,000 for the balance due. An additional $10,000 was paid on account at the time of the institution of the litigation, leaving a balance due on the mortgage of $5,000.
The plaintiff filed suit and lis pendens alleging fraud and claiming damages sufficient to offset the balance due on the purchase price.
The court granted defendant’s motion to dismiss the complaint and allowed the plaintiff 30 days to amend. The plaintiff elected not to amend. The defendant filed a cross-complaint for declaratory decree to determine the rights of the parties. Plaintiff’s motion to dismiss the cross-complaint was denied. The motion to dismiss the cause without prejudice was denied. The plaintiff filed an answer to the cross-complaint which was stricken, and the matter went to trial on the cross-complaint and amended answer.
The plaintiff did not appear at the trial after his request for postponement had been denied on the grounds that he was ill.
Just prior to the trial, the plaintiff filed an affidavit of bias and prejudice.
The complaint alleged that the defendant or his agent misrepresented the value of the property, misrepresented the amount of the annual income, and the general state of repairs of the property. He further stated that the defendant misrepresented the status of certain adjacent property, and the fact that the tenants were year to year occupants of the property. There was no allegation as to the amount of the rental income, no showing as to the right of the plaintiff to rely on the statements of the defendant or his agent, and no facts stated as to the diligence on the plaintiff’s part in investigating or failing to investigate such facts or how he was prevented from investigating the past income and the status of the property. Potakar v. Hurtak, Fla.1955, 82 So.2d 502. It would, therefore, appear that the trial court was correct in dismissing the complaint.
The court could properly deny plaintiff’s motion to dismiss without prejudice after the filing of a cross-complaint by the defendant. Florida Rules of Civil Procedure, Rule 1.35(a) (2), 30 F.S.A.
The affidavit of bias and prejudice does not meet the essential requirements set forth in F.S.A. § 38.10 and, therefore, the trial court properly denied the request that the cause be transferred to another trial judge.
The next question for consideration is the availability of the declaratory decree provision of F.S.A. chapter 87, to grant declaratory relief under the circumstances set forth in this case. It appears that a doubt had been raised as to the validity of the defendant’s note and mortgage and that, therefore, the issues raised constituted a proper matter for determination by declaratory decree.
For the reason hereinabove set forth, the decree is affirmed.
Affirmed.
ALLEN, Acting C. J., and WHITE, J, concur.