179 So.2d 573 (1965)
HOLLYWOOD SHOPPING PLAZA, Inc., a Florida Corporation, Appellant,
v.
Norman SCHUYLER, Appellee.
No. 5384.
District Court of Appeal of Florida. Second District.
August 24, 1965.
Rehearing Denied October 25, 1965.
Arnold D. Schatzman and Alfred Aronovitz, of Aronovitz, Aronovitz & Haverfield, Miami, for appellant.
Irving M. Wolff and Hansford D. Tyler, Jr., Miami, for appellee.
ANDREWS, Judge.
This is an appeal by the defendant Hollywood Shopping Plaza, Inc., from a summary *574 final decree declaring an instrument entitled "Agreement and Guaranty" executed by the plaintiff Norman Schuyler null and void, and releasing him from any liability under said Agreement.
The defendant leased a storeroom located in its shopping center to Wise Shops, Inc. The lease provided that while the tenant was not in default and was the original tenant under the lease, the landlord would not lease any other space in the shopping center to a store carrying a competing line of merchandise. Wise Shops, Inc., assigned its lease to Normdick, Inc. No. 3.
The Assignment and Assumption of Lease provided in part as follows:
"The Assignee hereby assumes the timely and true performance of all of the rents, terms, covenants, conditions and provisions of the lease hereby assigned; all with the full force and effect as if the Assignee had executed the lease originally as Tenant named therein."
The defendant landlord consented to said assignment by its endorsement as follows:
"In consideration of the foregoing covenants and agreements of the Assignee and the Assignor to jointly and severally guarantee the full and faithful performance of the Lease, the Landlord does hereby consent to the foregoing Assignment and Assumption of Lease according to the terms stated therein."
Some five months after said assignment the plaintiff executed an Agreement and Guaranty whereby he guaranteed to the defendant, its successors and assigns the full performance and observance of all the covenants, conditions and agreements provided in the lease on the subject property. The plaintiff had a financial interest in Normdick, Inc. No. 3, the successor tenant. Approximately one year later defendant leased space in its shopping center to a company carrying a line of merchandise directly competing with the line of merchandise carried by the successor tenant in violation of the covenants of the original lease to Wise Shops, Inc.
Motion to Dismiss the complaint was granted with permission to file amended complaint. The matter was heard on defendant's Motion to Dismiss and on plaintiff's Motion for Summary Judgment, no Answer having been filed. The plaintiff filed affidavits in support of the Amended Complaint, and no opposing affidavits were filed by the defendant.
The court denied the defendant's Motion to Dismiss, and granted the plaintiff's Motion for Declaratory Summary Decree. The subject matter of this cause can properly be considered on complaint for declaratory decree as provided by Chapter 87, F.S.A., in that there was a bona fide dispute between the parties. Rice v. Fremow, Fla.App. 1964, 165 So.2d 447.
The provisions of the Assignment of Lease by which Normdick, Inc. No. 3 assumed the obligation of the assignor Wise Shops, Inc., clearly placed the assignee in the same position as if it had executed the original lease as the original tenant. The consent of the landlord to the Agreement holding both Wise Shops, Inc. and Normdick, Inc. No. 3 to full performance of the lease clearly recognized the successor tenant the same as if it were the original tenant. The law is well settled that any material violation of the terms of a contract by the person for whose benefit such contract is guaranteed releases the guarantor from liability. Gato v. Warrington, 1896, 37 Fla. 542, 19 So. 883.
There being no denial of the material allegation that a store carrying competing merchandise was leased to a competitor in violation of the terms of the lease, the court properly found the Agreement and Guaranty executed by the plaintiff Norman Schuyler void, and that there was no genuine issue of material fact for consideration by the Court.
Affirmed.
SHANNON, Acting C.J., and WILLSON, JESSE H., Associate Judge, concur.