230 So.2d 24 (1970)
KOSCOT INTERPLANETARY, INC., a Florida Corporation, and Glenn W. Turner, Individually and As the Chief Executive Officer of Koscot Interplanetary, Inc., Appellants,
v.
STATE of Florida, On the Relation of Doyle CONNER, As Commissioner of Agriculture of the State of Florida and As ex-Officio Chairman of Florida Consumer's Council, the Council Charged with the Operation of the Office of Consumer's Services, and Collis H. White, As County Solicitor, Orange County, Florida, Appellees.
No. 69-549.
District Court of Appeal of Florida. Fourth District.
January 8, 1970.
*25 William Whitaker, of William Whitaker & Associates, Orlando, for appellants.
No appearance for appellees.
McCAIN, Judge.
Appellants-defendants appeal from an order denying their motion to consider a marketing and distribution plan. We reverse.
On May 28, 1969, the trial judge entered a consent order in a declaratory decree action filed by appellees-plaintiffs which essentially prohibited appellants, in the cosmetic business, from selling distributorships on a multilevel basis but placed no limitation or restriction on the hiring of salesmen for the sale of Koscot products at either wholesale or retail prices or in the granting of sale discounts, provided there be no violation of the prohibition on the sale of multilevel distributorships. The court also established an eighteen (18) month period within which it would entertain any complaints concerning violations and retained jurisdiction of the cause for entry of such other and further relief as may have become necessary.
The genesis of this appeal arose on June 30, 1969, by appellants filing a motion requesting the court to consider an attached marketing and distribution plan. Both appellants and appellees desired the court to review the proposal for a determination of whether it complied with the intent and meaning of the declaratory decree, however, the court determined it could not review or construe its own judgment and summarily denied the motion.
Appellants were seeking supplemental relief on a declaratory decree which is authorized by statute. Such relief contemplates an additional adjudication with reasonable notice to the adversary and a right to show cause why further relief should not be granted. This relief may be that which is necessary to make effective the judgment. F.S. 1967, Section 86.061, F.S.A.; Thomas v. Cilbe, Inc., Fla.App. 1958, 104 So.2d 397.
Clearly declaratory relief proceedings are not intended for questioning judicial decrees already entered, but where a decree has become the source of definite rights and is unclear or ambiguous, relief may be granted. de Marigny v. de Marigny, Fla. 1949, 43 So.2d 442.
F.S. 1967, Chapter 86, F.S.A., providing for declaratory decrees, is substantive and remedial. It is to be liberally administered and construed. In doing so, a multiplicity of suits can be avoided while affording an adequate and expedient remedy for litigants in one action. Thomas v. Cilbe, Inc., supra.
*26 Accordingly the trial judge should review the proposed plan under the spectrum established by its decree.
For these reasons the order denying the motion to review is reversed and this cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
OWEN, J., and ADAMS, ALTO (Ret.), Associate Judge, concur.