305 So.2d 274 (1974)
TRAFALGAR DEVELOPERS, LTD., Etc., et al., Appellants,
v.
Nick MORLEY et al., Appellees.
No. 74-970.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Rehearing Denied January 22, 1975.
Sibley, Giblin, Levenson & Ward, Miami Beach, for appellants.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Sam Daniels, Miami, for appellees.
Before HENDRY and HAVERFIELD, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Plaintiff-appellant by way of interlocutory appeal seeks review of the circuit court's order in accordance with appellate mandate.
Plaintiff, Trafalgar Developers, Ltd., filed a complaint for declaratory judgment seeking to have cancelled and rescinded and made null and void certain contracts with the defendants, Nick Morley and Geneva Investment Limited. Plaintiff prevailed in the circuit court and defendants appealed. This court reversed the circuit court and remanded with directions to dismiss the complaint. Geneva Investment Limited v. Trafalgar Developers, Ltd., Fla.App., 274 So.2d 581, cert. discharged, Fla. 1973, 285 So.2d 593. Upon remand, the circuit court entered its order dismissing plaintiff's complaint with prejudice and retaining jurisdiction in the cause for the purpose of considering any motion for supplemental relief filed by defendants pursuant to § 86.061, Fla. Stat.
Plaintiff-appellant appeals therefrom and contends that the circuit court erred in retaining jurisdiction in the cause. We cannot agree.
*275 First, Fla.Stats. 1967, Chapter 86, F.S.A., providing for declaratory judgments is to be construed and administered liberally in order that a multiplicity of suits can be avoided while affording an adequate and expedient remedy for litigants in one action. Thomas v. Cilbe, Inc., Fla. App. 1958, 104 So.2d 397. In addition, we find that Chapter 86, after a close reading thereof, does not prohibit the circuit court from reserving jurisdiction in a declaratory judgment action.
Second, Lasseter v. Blalock, Fla.App. 1962, 139 So.2d 726, upon which appellant relies, is distinguishable from the case sub judice. Therein, the plaintiffs in their action for declaratory relief merely sought a lien. The circuit court not only granted the requested relief, but in addition ordered foreclosure and enforcement of the lien. The appellate court held that the circuit court exceeded its authority in ordering foreclosure because the defendants as a result thereof were denied reasonable notice and an opportunity to demonstrate to the court why the further relief of the foreclosure and enforcement of the plaintiffs' lien should not be granted.
The retention of jurisdiction by the circuit court in the case at bar simply provides an opportunity for the defendant-appellees to seek supplemental relief, if they so desire, by filing a petition therefor pursuant to § 86.061, Fla. Stat., thereby giving plaintiff reasonable notice thereof and a right to show cause why further relief should not be granted. See Garden Suburbs Golf & Country Club v. Pruitt, 156 Fla. 825, 24 So.2d 898 (1946); Koscot Interplanetary, Inc. v. State ex rel. Conner, Fla.App. 1970, 230 So.2d 24.
Thus, we conclude that the circuit judge complied with this court's mandate and at the same time carried out the intent and spirit of the declaratory judgment statute.
Accordingly, the order herein appealed
Affirmed.
hereby is affirmed.