DANIEL S. PEARSON, Judge.
In 1970, the Rosses leased until 1982 certain property to The American Oil Company (Amoco), upon which property Amoco thereafter constructed and maintained a gasoline service station. The lease contained no purchase options. In 1972, the parties entered into a supplemental agreement which, inter alia, reversed the method of rent payments from a percentage of gasoline sold to a fixed dollar rental, and, pertinent here, gave lessee two different options to purchase the property. The first of these, the fixed price option, provided:
“Lessee shall have . . . the option of purchasing said demised premises for the sum of $150,000.00 ... any time during the above term as extended or any extension or renewal thereof.”
The second option (the first purchase option) provided:
“Should Lessor ... receive an offer to purchase the demised premises ... the Lessor shall give the Lessee 90 days notice of such offer in writing ... and Lessee shall have the first option to purchase the premises ... at the same price and on the same terms as any such offer, it being understood that in the event Lessee does not ... exercise said option ... this lease and all its terms and conditions shall nevertheless remain in full force and Lessor and any purchaser ... shall be bound thereby.” (emphasis supplied).
In 1978, the Rosses received an offer to purchase the premises for $285,000. As required, they notified Amoco, which, as expected, declined to exercise the first purchase option. Amoco, however, notified the Rosses that all of the terms and conditions of the lease, including its fixed price option, would remain in effect. The proposed purchase was postponed while the Rosses brought the present litigation to have their rights under the lease declared.[1]
*92 The lower court declared that Amoco’s fixed price option terminated as a matter of law with its refusal to exercise its first purchase option. We disagree and reverse.
The fixed price option and the first purchase option contained in the supplemental agreement between the parties are separate and distinct. Amoco’s refusal to exercise the latter did not serve to extinguish its future right to exercise the fixed price option or, for that matter, its future right to exercise the first purchase option vis-a-vis any new owner of the premises. Conroy v. Amoco Oil Company, 374 So.2d 561 (Fla.1st DCA 1979); 1A Corbin, Contracts, § 261B, n. 24.5. The supplemental agreement clearly and unambiguously provides “that in the event the lessee does not exercise [the first purchase option] . .. this lease and all its terms and conditions shall nevertheless remain in full force and Lessor and any purchaser ... shall be bound thereby.” This language preserved both options during the term of the lease. While the Rosses suggest that we construe this clause, because of its location in the supplemental agreement, as preserving only the first purchase option, the suggested construction ignores the plain and unambiguous statement that the “lease and all its terms and conditions ... remain in full force.” Moreover, the suggestion overlooks the final provision of the supplemental agreement, paragraph 5, which says, in pertinent part:
“Except as herein changed, all the terms, provisions, conditions, options and agreements contained in said lease .. . dated the 13th day of April 1970, .. . are hereby ratified and confirmed.”
One of the clauses of the 1970 lease provides:
“No assignment or change of interest by Lessor in the premises hereby demised, ... [shall] ... affect this lease or the renewal or purchase option rights of the Lessee hereunder.” (emphasis supplied).
Construing, as we must, the lease and supplemental agreement together, see J & S Coin Operated Machines, Inc. v. Gottlieb, 362 So.2d 38 (Fla.3d DCA 1978); Canal Lumber Co. v. Florida Naval Stores & Mfg. Co., 83 Fla. 501, 92 So. 279 (1922), we conclude that the supplemental agreement not only preserved the fixed price option by virtue of keeping it, as a “term” of the agreement, in “full force,” but, additionally, preserved this option by specifically confirming the “terms” of the earlier lease.[2]
Accordingly, we reverse the judgment of the trial court with directions that upon remand it enter judgment in favor of Amoco in accordance with this opinion.
Reversed and remanded.,

. We agree with the Rosses that the trial court had jurisdiction to grant declaratory relief under Section 86.021, Florida Statutes (1979). See Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808 (1946); Trafalgar Developers, Ltd. v. Morley, 305 So.2d 274 (Fla.3d DCA 1975); Tulip Realty Co. of Florida v. Fuhrer, 155 So.2d 637 (Fla.2d DCA 1963); Platt v. General Development Corporation, 122 So.2d 48 (Fla.2d DCA 1960).

. The Rosses contend that since no options came into existence until the supplemental agreement, paragraph 5 of that agreement is a nullity insofar as preserving options. While it is true that no option of the earlier lease could have been preserved by this language, what was preserved was the provision that any sale by the lessor would not affect option rights of the lessee, whenever they arose.