414 So.2d 249 (1982)
Fred A. PREUSS, Appellant,
v.
UNITED STATES FIRE INSURANCE COMPANY, Appellee.
No. 81-1355.
District Court of Appeal of Florida, Fourth District.
May 12, 1982.
Rehearing Denied June 14, 1982.
*250 Gilbert E. Theissen of Walsh, Theissen & Boyd, P.A., Fort Lauderdale, for appellant.
Richard S. Womble of Fertig & Curtis, P.A., Fort Lauderdale, for appellee.
DELL, Judge.
Fred A. Preuss appeals from an order denying his motion for attorneys fees and costs incurred as a result of United States Fire Insurance Company's wrongful refusal to furnish him with a defense in a tort action.
William Adams sued the appellant, Fred A. Preuss, for personal injuries sustained as a result of an airplane accident.[1] Appellant notified the appellee, United States Fire Insurance Company, of the claim and requested a defense. Appellee denied coverage and refused to defend appellant in the Adams suit.
Appellant then filed suit against appellee, asserting his right to coverage and a defense of the Adams suit. On August 3, 1979, the Honorable Lamar Warren entered summary judgment in favor of the appellant on the issues of coverage and right to a defense. During the pendency of an appeal from that summary judgment, appellant filed a motion to assess the attorneys fees and costs which he incurred at the trial level in this case and for attorneys fees which he incurred in the defense of the Adams suit. On March 20, 1980, the Honorable Barry J. Stone entered an order awarding $1,340 as attorneys fees incurred at the trial level in the case sub judice, but stated that, "... the remaining relief prayed for by the plaintiff must be stayed pending the appeal of the aforementioned summary final judgment... ." Subsequently, this Court affirmed the summary judgment and appellant filed a motion seeking attorneys fees for the appellate proceedings in this suit and renewed his motion for attorneys fees and costs incurred in the defense of the Adams suit. A third trial judge heard this motion and awarded attorneys fees for the appellate proceedings but held that the trial court lacked jurisdiction to award attorneys fees and costs in the Adams suit.
Appellant asserts that the trial court by its previous orders either retained jurisdiction to award attorneys fees and costs resulting from the Adams suit or that the orders are vague and ambiguous and should be interpreted to permit the recovery of such fees and costs.
Attorneys fees constitute an element of damage recoverable by an indemnitee when his insurance company wrongfully fails to defend. See, Prudential Insurance Company of America v. Lamm, 218 So.2d 219 (Fla. 3d DCA 1969), cert. denied, 225 So.2d 529 (Fla. 1969); Morse Auto Rentals, Inc. v. Dunes Enterprises, Inc., 198 So.2d 652 (Fla. 3d DCA 1967); Fountainebleau Hotel Corporation v. Postol, 142 So.2d 299 (Fla. 3d DCA 1962). Moreover, the trial court, whenever necessary or proper, has the authority to consider and grant incidental or supplemental relief pursuant to a declaratory decree. § 86.061, Fla. Stat. (1979). A trial court, therefore, has the authority not only to determine the rights *251 of the parties in the declaratory action, but it also has jurisdiction to assess other types of relief.
In the present case, appellant in his complaint prayed for an award of attorneys fees for services rendered in defense of his rights in the Adams suit. He timely asserted his motion for attorneys fees and costs and Judge Stone stayed the motion pending the outcome of the appeal of the order granting summary judgment. This case is a classic example of the old adage that "too many cooks spoil the broth," and that but for three trial judge changes the question of jurisdiction would in all probability not have occurred. The three orders conflict with each other and result in an ambiguity and an unjust result which must be corrected. The first order failed to expressly reserve jurisdiction to award attorneys fees as damages. The second order stayed the motion for such damages and the third order held that the trial court lacked jurisdiction to award such fees. The record does not support such a conclusion. Accordingly, we affirm that part of the order awarding attorneys fees incurred by the appellant in the prior appellate proceeding and reverse that part of the order denying appellant's request for attorneys fees and costs incurred in the defense of the Adams suit. We remand this case to the trial court for entry of an order allowing reasonable attorneys fees and costs incurred by appellant in the case of Adams v. Preuss, supra note 1.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
DOWNEY and WALDEN, JJ., concur.
NOTES
[1] William E. Adams, et al. v. Fred A. Preuss, Case No. 78-6527 filed in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida.