DELL, Judge.
In a declaratory relief action, Haft-Gaines Company and Inverrary Country Club, Inc., challenge an order of the trial court entered after time for modification or correction of the final judgment had expired.
On February 19, 1979, the trial court entered a declaratory judgment in favor of appellee determining the rights of the unit owners to use appellants’ swimming pool facilities. On June 24, 1980, this Court affirmed the trial court’s judgment. Approximately six months later, appellee filed a motion for contempt and a petition for supplemental relief in which the unit owners asserted that appellants violated the final declaratory judgment by refusing their personal guests and lessees the right to use the *730 swimming pool facilities. The trial court rejected appellants’ argument that it had no further jurisdiction to modify or amend the final declaratory judgment and denied their motion to quash the petition for supplemental relief. After hearing on the merits of the petition, the trial court entered an order finding that the original declaratory judgment grants pool use rights to lessees whose leases have been approved by the condominium association, and to guests of owners or lessees.
The issue raised by this appeal concerns whether or not a trial court in the absence of an express retention of jurisdiction has jurisdiction to grant supplemental relief to carry out the effect of its declaratory judgment.
Sections 86.011, 86.051 and 86.061, Florida Statutes (1981), provide as follows:
86.011 Jurisdiction of circuit court.— The circuit courts have jurisdiction to declare rights, status and other equitable or legal relations whether or not further relief is or could be claimed. No action or procedure is open to objection on the ground that a declaratory judgment is demanded. The court’s declaration may be either affirmative or negative in form and effect and such declaration has the force and effect of a final judgment. The court may render declaratory judgments on the existence, or nonexistence:
(1) Of any immunity, power, privilege or right; or
(2) Of any fact upon which the existence or non-existence of such immunity, power, privilege or right does or may depend, whether such immunity, power, privilege or right now exists or will arise in the future. Any person seeking a declaratory judgment may also demand additional, alternative, coercive, subsequent or supplemental relief in the same action.
86.051 Enumeration not exclusive.— The enumeration in ss. 86.021, 86.031 and 86.041 does not limit or restrict the exercise of the general powers conferred in s. 86.011 in any action where declaratory relief is sought. Any declaratory judgment rendered pursuant to this chapter may be rendered by way of anticipation with respect to any act not yet done or any event which has not yet happened, and in such case the judgment shall have the same binding effect with respect to that future act or event, and the rights or liability to arise therefrom, as if that act or event had already been done or had already happened before the judgment was rendered.
86.061 Supplemental relief. — Further relief based on a declaratory judgment may be granted when necessary or proper. The application therefor shall be by motion to the court having jurisdiction to grant relief. If the application is sufficient, the court shall require any adverse party whose rights have been adjudicated by the declaratory judgment to show cause on reasonable notice, why further relief should not be granted forthwith.
(Emphasis supplied.)
The parties rely on Thomas v. Cilbe, Inc., 104 So.2d 397 (Fla. 2d DCA 1958). Appellants contend that Thomas prohibits a court from acting after a declaratory judgment becomes final when it has not retained jurisdiction. On the other hand, appellee argues that in a declaratory relief action Thomas permits a court to act after the judgment becomes final without an express retention of jurisdiction. We are satisfied from our review of Thomas v. Cilbe, supra, that the Court did not expressly hold that a court could not enter a supplemental order in a declaratory action without an express retention of jurisdiction nor did it affirmatively require a court in a declaratory action to expressly retain jurisdiction to enter a supplemental order. The Thomas Court stated that
It would seem that the sounder rule is that the supplemental or additional relief may be granted in the same action, or cause, and that the court, upon a sufficient pleading having been filed therefor, so long as the court avoids rendering a judgment deciding merely a moot, fictitious, or colorable question, it may grant any relief, whether declaratory or execu- *731 tory, to carry into effect its declaratory order, judgment or decree.
Thomas at 401.
This Court recently held that
the trial court, whenever necessary or proper, has the authority to consider and grant incidental or supplemental relief pursuant to a declaratory decree. § 86.-061, Fla.Stat. (1979). A trial court, therefore, has the authority not only to determine the rights of the parties in the declaratory action, but it also has jurisdiction to assess other types of relief.
Preuss v. United States Fire Insurance Co., 414 So.2d 249, 250-51 (Fla. 4th DCA 1982).
Although it would appear that Preuss answers the question presented sub judice, the facts in Preuss might leave doubt as to whether or not, under the circumstances of this case, the court had jurisdiction to interpret its earlier order.
We disagree with appellants’ characterization of the trial court’s action in this case. The trial court did not amend or modify the final judgment, but rather interpreted the meaning of the word “owners” as used in the final judgment in response to appellee’s properly filed petition for supplemental relief.
We hold that the petition for supplemental relief came within the purview of Section 86.061 and that the trial court, with or without an express retention of jurisdiction, had jurisdiction to enter a supplemental order to carry into effect its declaratory order, judgment or decree. We emphasize that the order sub judice did not provide different relief from that of the original judgment nor did it amend or modify the original final judgment.
We find no merit in the other points raised by appellants. Accordingly, we affirm the trial court’s order granting supplemental relief to the appellee.
AFFIRMED.
DOWNEY and WALDEN, JJ., concur.