575 So.2d 253 (1991)
Mark CONLEY, Appellant,
v.
MORLEY REALTY CORPORATION, Appellee.
No. 88-3014.
District Court of Appeal of Florida, Third District.
February 12, 1991.
*254 Stinson, Lyons, Gerlin & Bustamante and Douglas S. Lyons, Leonor M. Lagomasino and Mark Greenberg, Rick Bennett, Miami, for appellant.
Goldstein & Tanen and Richard Goldstein and Lawrence Bieler, Miami, for appellee.
Before HUBBART, COPE and GODERICH, JJ.
PER CURIAM.
Mark Conley, plaintiff below, appeals the trial court's order dismissing plaintiff's third amended complaint with prejudice. The trial court reasoned that plaintiff's request for declaratory relief sought an impermissible advisory opinion. We disagree and reverse.
Plaintiff alleged that he (and the class he sought to represent) entered into agreements for the purchase of Florida homesites from the appellee Morley Realty Corporation, defendant below. The contracts are agreements for deed, which require a down payment and monthly installments for approximately ten years. Seller retains title and possession of the real estate until the contract price is fully paid. The purchaser is liable to the defendant for all taxes on the property during the contract period. The purchasers reside throughout the United States and abroad.
The contracts provide for no personal liability by the buyer. In the event of default, seller may terminate the contract, subject to the right of the buyer to bring the account current during a grace period. Upon termination, the seller may retain all payments as liquidated damages  in addition to retaining the land.
Plaintiff alleged that he had ceased making the payments required by the contract; that he had demanded a refund; and that seller refused to make a refund. Plaintiff sought a declaratory judgment on behalf of himself (and similarly situated class members) that the liquidated damage clause is void as a penalty. Plaintiff requested a declaration that seller may retain (in addition to the land) so much of the buyer's payments as will compensate seller for its actual damages, but must refund any excess to buyer. The trial court ruled that plaintiff was not entitled to a declaratory judgment and dismissed the action with prejudice. In so doing, the court erred.
The Florida Declaratory Judgments Act, chapter 86, Florida Statutes (1989), is a remedial statute that is to be broadly construed. See May v. Holley, 59 So.2d 636, 639 (Fla. 1952); Koscot Interplanetary, Inc. v. State ex rel. Conner, 230 So.2d 24, 25 (Fla. 4th DCA 1970). The statute affords circuit courts "jurisdiction to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed... ." § 86.011, Fla. Stat. (1989). The statute further provides that the circuit court "may render declaratory judgments on the existence, or nonexistence: (1) [o]f any immunity, power, privilege, or right; or (2) [o]f any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future...." Id.
It is well settled that
[t]he test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all.
Rosenhouse v. 1950 Spring Term Grand Jury, 56 So.2d 445, 448 (Fla. 1952) (citation omitted); Durand v. Metropolitan Dade County, 472 So.2d 865, 866 (Fla. 1985).
*255 In evaluating plaintiff's complaint, the applicable standard is that
A complaint seeking declaratory relief must allege ultimate facts showing a bona fide adverse interest between the parties concerning a power, privilege, immunity or right of the plaintiff; the plaintiff's doubt about the existence or non-existence of his rights or privileges; that he is entitled to have the doubt removed... . Also, the persons having an actual, present and adverse interest in the subject matter must be shown.
Floyd v. Guardian Life Ins. Co., 415 So.2d 103, 104 (Fla. 3d DCA 1982) (citations omitted). "Where declaratory judgment is properly invoked, the action should be disposed of by a judgment declaring the rights of the parties in the premises." Bella Isla Constr. Corp. v. Trust Mortgage Corp., 347 So.2d 649, 653 (Fla. 3d DCA 1977) (citation omitted).
Based on the foregoing authorities, the complaint was sufficient to invoke the Declaratory Judgments Act. There is plainly a bona fide dispute between the parties over the validity of the liquidated damages clause and the entitlement of plaintiff to a return of payments previously made. Indeed, the Act itself provides that "[a] contract may be construed either before or after there has been a breach of it." § 86.031, Fla. Stat. (1989).
Seller argues, however, that the contract is clear on its face, so that there can be no doubt of the parties' rights and obligations. Thus, according to seller, the action was properly dismissed under authority of Wolf Sanitary Wiping Cloth, Inc. v. Wolf, 526 So.2d 702 (Fla. 3d DCA 1988), and Kelner v. Woody, 399 So.2d 35 (Fla. 3d DCA 1981). We disagree. Assuming arguendo the contract is otherwise clear, there is a bona fide dispute about the enforceability of the liquidated damages clause, a matter which is appropriate for declaratory judgment. See Appel v. Scott, 479 So.2d 800, 803 (Fla.2d DCA 1985) (enforceability of rental increases proper subject for declaratory judgment); Rice v. Fremow, 165 So.2d 447 (Fla.2d DCA) (doubt raised to validity of note and mortgage), cert. denied, 170 So.2d 588 (Fla. 1964); Platt v. General Development Corp., 122 So.2d 48, 51 (Fla.2d DCA 1960) ("plaintiffs might well have been in doubt as to their rights under the contracts under the facts alleged"), cert. dismissed, 129 So.2d 143 (Fla. 1961). See also Bella Isla Constr. Corp. v. Trust Mortgage Corp.; Hildebrandt v. Department of Natural Resources, 313 So.2d 73 (Fla. 3d DCA 1975); Talcott v. Central Bank & Trust Co., 220 So.2d 411 (Fla. 3d DCA 1969); Johnson v. Thoburn, 160 So.2d 729 (Fla. 3d DCA 1964).
Seller also argues in substance that the complaint was properly dismissed because buyer should instead bring a suit for damages. That contention is without merit, for the statute itself provides, "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief." § 86.111, Fla. Stat. (1989). The order of dismissal must therefore be reversed.[1]
Plaintiff next contends that the trial court erred by ruling that plaintiff could not represent the class defined in the complaint, nor the revised class described in the amended complaint. Instead, the trial court directed that the class be limited to persons whose situation was identical to that of plaintiff. Plaintiff's contention has merit.
As originally filed, the complaint defined the class as "those persons (1) who entered into installment sales contracts with Defendant for the purchase of `homesites' at Florida subdivisions (2) whose contracts provide that in the event of purchaser default for nonpayment that Defendant may retain all funds as liquidated damages and (3) who defaulted in their payment obligations and (4) Defendant retained all payments and title to the land." The trial *256 court denied seller's motion to dismiss. Seller answered and discovery proceeded.
According to the record developed below, plaintiff purchased three homesites in Port Malabar subdivision, Brevard County, Florida, between February and May, 1984 while plaintiff was working abroad. Plaintiff indicated that upon returning to the United States in 1986, he concluded that the fair market value of the lots was approximately one-fourth of the sale price. He ceased making payments and demanded a refund. Seller advised plaintiff that there would be no refund. Plaintiff's counsel also discussed the issue with seller and was informed that "there would be no refund because the contracts provided for forfeiture of amounts paid in the event of the termination because of default in the payment of installment obligations." The installment contracts provide that "[i]f you do not bring your account to a current status within the applicable grace period, we may terminate this Contract without further notice and then the seller may consider the whole of the balance due under this agreement, retaining the cash consideration paid for it as liquidated damages, and this Agreement then shall become null and void." There is no dispute that the applicable grace period expired.
Seller moved for summary judgment. Seller conceded that plaintiff's three accounts were delinquent and that notices of delinquency had on various occasions been sent to plaintiff. Seller took the position, however, that none of the contracts had ever been terminated pursuant to the termination clause just quoted. Seller conceded that it had refused to pay a refund to plaintiff, but contended that it was not retaining the funds pursuant to the liquidated damages clause of the contract. Instead, seller maintained that it was simply holding the account in delinquent status and was retaining the funds as payments on plaintiff's account.[2] Seller contended it had not yet terminated plaintiff's contract, and therefore plaintiff could not serve as a class representative for the class defined in the complaint: persons whose contracts had been terminated.
The trial court agreed. The court concluded that, reading the class action complaint as a whole, the class consisted of those persons whose contracts had been terminated and whose payments had been retained as liquidated damages pursuant to the contract. The trial court found as an undisputed fact that the plaintiff's contract was not terminated by the seller and that the seller had not retained the cash consideration as liquidated damages. The court ruled, consequently, that plaintiff did not fall within the class defined in the complaint and that he could not represent the class. The court did not enter summary judgment, but instead dismissed the complaint with leave to amend the complaint so as to define a class of which plaintiff was a member.
In ruling as it did, the trial court erred. On a motion for summary judgment the record must be construed in the light most favorable to the nonmoving party, in this case, the plaintiff. See, e.g., Greene v. Kolpac Builders, Inc., 549 So.2d 1150, 1151 (Fla. 3d DCA 1989); Courtney v. Florida Transformer, Inc., 549 So.2d 1061, 1065 (Fla. 1st DCA 1989); Aagaard-Juergensen, Inc. v. Lettelier, 540 So.2d 224, 225 (Fla. 5th DCA 1989). That being so, the trial court should have taken as true the previously mentioned affidavits submitted on behalf of plaintiff. One of these quoted seller's officer as denying a refund based on the contract's provision "for forfeiture of amounts paid in the event of termination because of default in the payment of installment obligations." That statement, which for these purposes must be treated as true, would constitute an admission by *257 seller that it had in fact retained the funds pursuant to the liquidated damages provision of the contract.
In addition, the contract also provided that if a buyer did not cure a default within the applicable grace period seller "may terminate this Contract without further notice and then the Seller may consider the whole of the balance due under this Agreement, retaining the cash consideration paid for it as liquidated damages, and this Agreement then shall become null and void." (Emphasis added). On this record, a question remained whether a refusal to make a refund was conduct constituting an invocation of the liquidated damages provision of the contract. Construing the record in the light most favorable to plaintiff, plaintiff was in fact within the class described in the original complaint. The trial court erred by resolving disputed issues of material fact in favor of the seller.
In response to the trial court's order, plaintiff filed an amended complaint in which he redefined the class as "those persons (1) who entered into installment sales contracts with Defendant for the purchase of `homesites' at Florida subdivisions (2) whose contracts provide that in the event of termination that Defendant may retain all funds paid as liquidated damages." Seller moved to dismiss, arguing that the request for declaratory judgment involved purely hypothetical and speculative questions with regard to the newly defined class. Seller reasoned that the only actual controversy existed between seller and persons whose contracts have already been terminated. Seller argued that there was no assurance that it would in the future exercise its right of termination with respect to persons whose contracts were in default, or that the default provision would ever come into play with regard to purchasers not yet in default.
Consistent with its earlier position, the trial court reiterated that plaintiff's contract had not yet been terminated. The court concluded that there could be no bona fide dispute between plaintiff and seller with regard to the liquidated damages clause, because seller had not yet invoked the clause. The court ruled that plaintiff could only serve as a class representative for persons in plaintiff's exact position, i.e., purchasers in default whose contracts had not yet been terminated. The trial court granted the motion to dismiss, again with leave to modify the class definition.
Following the trial court's directive, the plaintiff redefined the class to consist only of "those persons (1) who entered into installment sales contracts with the Defendant for the purchase of `homesites' at Florida subdivisions (2) whose contracts provide that in the event of termination that Defendant may retain all funds paid as liquidated damages (3) who demanded their money back and (4) were denied any refund." This class definition was used in the second and third amended complaints. The seller moved to dismiss the second and third amended complaints on the grounds set forth in the first portion of this opinion.
The trial court's dismissal of the first two class descriptions was based on a perception that plaintiff's claim did not involve the liquidated damages clause of the contract. As previously stated, there was a disputed issue of material fact on that point and the trial court should not have entered a factual finding in the seller's favor. Assuming arguendo, however, that the seller had never terminated plaintiff's contract, plaintiff nonetheless would have been entitled to a declaratory judgment of the validity of the liquidated damages clause. Plaintiff was indisputably in default in his payment obligations. Seller had reserved the right in the contract to retain all sums as liquidated damages. There was a bona fide dispute whether that clause was void, and plaintiff was entitled to a declaratory judgment so that he would know whether the sums he had paid were, or were not, subject to being retained under the liquidated damages provision.
That there was a very real issue here was illustrated by seller's position that plaintiff should bring an action for money damages for a refund. In the event of such a suit, according to the court, seller would be obliged to elect whether to rely on the liquidated damages provision of the *258 contract. At that point, in the court's view, the validity of the liquidated damages provision could be adjudicated. Far from supporting the court's position, that scenario illustrates why plaintiff was entitled to the declaratory judgment he requested. The liquidated damages clause is pivotal; if it is valid then plaintiff is contractually bound and any other analysis or other lawsuit is simply a waste of time. There is "a bona fide, actual, present practical need for the declaration... ." May v. Holley, 59 So.2d at 639; Platt v. General Development Corp., 122 So.2d 48, 50 (Fla. 2d DCA 1960). The same is also true of buyers not yet in default, as to whom the liquidated damages provision may have a material bearing in determining whether to continue performance under the contract. As the declaratory judgment statute itself provides,
[a]ny declaratory judgment ... may be rendered by way of anticipation with respect to any act not yet done or any event which has not yet happened, and in such case the judgment shall have the same binding effect with respect to that future act or event, and the rights or liability to arise therefrom, as if that act or event had already been done or had already happened before the judgment was rendered.
§ 86.051, Fla. Stat. (1989).
In sum, plaintiff seeks a construction of a liquidated damages provision common to all of seller's standard form contracts, and in the circumstances, class action treatment is appropriate. See Love v. General Development Corp., 555 So.2d 397 (Fla. 3d DCA 1989). The class definition contained in the amended complaint, as well as that contained in the original complaint, should not have been dismissed. On remand, plaintiff may amend the class definition.
For the foregoing reasons, the order under review is reversed and the cause remanded for further proceedings consistent herewith.
NOTES
[1] Although the order under review was a dismissal with prejudice, it is clear that in reality it was intended to be without prejudice to the pursuit of a different remedy, and was not intended to pass on the merits of plaintiff's claim. An order dismissing a declaratory judgment action should specify the reason for the dismissal. May v. Holley, 59 So.2d at 637.
[2] Seller indicated that some 57 contracts had been canceled and that seller had retained the payments made as liquidated damages. Seller indicated that there was another group of 80 contracts which were classified by seller as delinquent. Seller stated that the delinquent contracts still were considered to be valid and subject to reinstatement. As to the delinquent contracts, seller contended that it retained the payments for the account of each purchaser, but that it had not exercised its rights to retain the payments as liquidated damages under the liquidated damages clause of the contract.