Argued and submitted November 23, 1988, affirmed April 26, 1989

## DRY CANYON FARMS, INC.,
*Respondent,*

*v.*

## UNITED STATES NATIONAL BANK OF OREGON,
*Respondent,*

*v.*

## FULL CIRCLE, INC.,
*Appellant.*

(32709; CA A47244)

772 P2d 1343

Douglas A. Shepard, Madras, argued the cause for appellant. With him on the brief was Shepard & Laws, Madras.

John A. Berge, Bend, argued the cause for respondent United States National Bank of Oregon. With him on the brief was Bradley D. Fancher, and Gray, Fancher, Holmes & Hurley, Bend.

No appearance for respondent Dry Canyon Farms, Inc.

Before Richardson, Presiding Judge, and Rossman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This declaratory judgment action is before us for the second time. In this appeal,[1] defendant Full Circle, Inc. (Full Circle), challenges the award of $80,144 as supplemental relief to defendant United States National Bank of Oregon (Bank) under ORS 28.080. We affirm.

We recite the facts from our first opinion:

> "[Dry Canyon Farms, Inc.] brought this declaratory judgment action to establish the validity and enforceability of [Bank's] security interest in $80,144 in cash proceeds from plaintiff's 1981 seed crop that had been in the possession of [Full Circle]. [Full Circle] asserted that it was entitled to the money; in the alternative, it counterclaimed for a judgment against plaintiff in the amount of those proceeds. In a cross-claim [Full Circle] sought to be subrogated to Bank's security interest and personal guarantees. The trial court held that Bank has a security interest in the money as the proceeds from collateral, awarded Bank a money judgment against [Full Circle] in the sum of $80,144, plus prejudgment interest, awarded [Full Circle] a money judgment against plaintiff in the same sum, denied [Full Circle's] subrogation claim and awarded costs and disbursements to plaintiff." *Dry Canyon Farms v. U.S. National Bank of Oregon*, 84 Or App 686, 688, 735 P2d 620 (1987).

In the first appeal, we vacated the award of damages and prejudgment interest to Bank, because neither the plaintiff nor Bank had requested monetary relief. We also vacated the award of damages to Full Circle. However, we affirmed the part of the judgment that declared that Bank had a valid security interest in the proceeds.

We issued our opinion on April 15, 1987, but the State Court Administrator did not mail the appellate judgment to the trial court until July 9, 1987. ORS 19.033(5). On June 17, Bank filed a petition for supplemental relief, in which it requested a judgment against Full Circle for $80,144. On June 19, the court issued an order, ORS 28.080, directing Full Circle to show cause why judgment should not be granted. The court held a hearing on July 20 and signed a judgment on December 10, which provides:

---

[1] Plaintiff has not appeared in this appeal.

"NOW, THEREFORE, IT IS HEREBY ORDERED that the UNITED STATES NATIONAL BANK have judgment against FULL CIRCLE, INC. for the sum of $80,144.00, plus pre-judgment interest of 9% per annum from February 25, 1982 * * *."

Full Circle appeals.

■ The thrust of Full Circle's first four assignments of error is that the court should not have awarded Bank supplemental relief under ORS 28.080.[2] It first contends that Bank could recover damages in this action only by making a claim in the original proceeding. Therefore, it argues, because Bank did not cross-claim or otherwise raise a claim for monetary damages, and because we did not remand the matter in the first appeal, Bank is precluded from obtaining a judgment by way of supplemental relief.

Supplemental relief may be granted in a declaratory action under ORS 28.080:

"Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application thereof shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."

In *Lowe v. Harmon,* 167 Or 128, 136, 115 P2d 297 (1941), the Supreme Court concluded that supplemental relief is not limited to the same class of relief obtained in the original declaration:

" 'It is now firmly established beyond peradventure of doubt that the supplemental relief contemplated by the statutes is not limited to further declaratory relief, *and such further relief may include an assessment of damages or other coercive relief* which may be obtained by a petition in the same action and in the same court in which the declaratory relief was

---

[2] It assigns error to the court's granting of supplemental relief and to the court's denial of its motion to dismiss and of its motion for reconsideration. It also contends that the findings are not supported by the evidence. Full Circle does not separate its arguments on the separate claim of error and does not point out which specific findings are unsupported.

granted.'" (*Quoting* Anderson, *Declaratory Judgments* 573, § 193; emphasis supplied.)

*See also Samuel v. Frohnmayer,* 95 Or App 561, 770 P2d 914 (1989); *Aspgren v. City of Columbia City,* 34 Or App 991, 581 P2d 536 (1978).

It is inherent in those interpretations, as well as in the statute itself, that the scope of relief under ORS 28.080 is controlled by the underlying declaratory judgment and not by the claims raised in the original proceedings. Accordingly, a party is not precluded from seeking supplemental relief in the form of damages by its failure to claim such damages in the original declaratory proceeding.

■ Full Circle also contends that the court lacked a "declaratory judgment" on which the supplemental relief could have been based, because we vacated the original damage award. However, supplemental relief need not be limited to the class of relief granted in the supporting declaratory judgment. *See Lowe v. Harmon, supra.* In its judgment, the trial court declared that Bank had a valid security interest in the proceeds, and we upheld that portion of the judgment. Although we vacated the award of damages in the first appeal, we did not adjudicate Bank's right to recover damages.

Full Circle also argues that the supplemental proceeding violated its federal and state constitutional right to due process, because it could not raise defenses or contest Bank's right to recover. At oral argument, Bank argued that many of the challenges could only be raised by the underlying debtor, *i.e.,* plaintiff, and not by Full Circle. However, even if Full Circle could not have raised the contentions earlier, nothing prevented it from raising them during the show cause hearing.

■ ■ In its second assignment, Full Circle contends that the court erred in awarding prejudgment interest, because Bank failed to make a claim for that in the original proceeding. However, Bank is not foreclosed from obtaining prejudgment interest on a request for supplemental relief for the same reason that it is not foreclosed from obtaining damages. Full Circle alternatively argues that Bank is not entitled to prejudgment interest, because neither the amount of damages nor the date from which the interest must be calculated were

ascertained or ascertainable. *See Walter E. Heller Western, Inc. v. Bohemia, Inc.,* 61 Or App 57, 67-68, 655 P2d 1073 (1982). However, the damages awarded were the amount received from the sale of the collateral, and the date from which interest runs is the date when the collateral was sold. Both were ascertained or ascertainable when the damages were incurred.

Full Circle contends finally that the judgment is void, because the court lacked jurisdiction when Bank filed its petition for supplemental relief and when the court issued the order to show cause. ORS 19.033 reposes jurisdiction in the appellate court after notice of appeal and provides that appellate jurisdiction ends when the State Court Administrator mails a copy of the appellate judgment to the court from which the appeal was taken. ORS 19.033(5). Accordingly, a court may not make substantive decisions while the matter is within an appellate court's jurisdiction. *See Ellis v. Roberts,* 302 Or 6, 9, 725 P2d 886 (1986). The petition for supplemental relief was filed and the court's order to show cause was issued before the appellate judgment was mailed and, therefore, according to Full Circle, the court did not have jurisdiction and the judgment is void.

In *Ellis v. Roberts, supra,* the court said that the pendency of an appeal deprives a trial court of authority to make *substantive* rulings. Accepting a petition for supplemental relief and scheduling the matter for hearing does not involve the authority of the trial court to make substantive rulings. The hearing was held and the judgment was entered after the appellate judgment was issued.

Affirmed.