818 P.2d 331

**AGRICULTURAL SERVICES, INC.,**
an Idaho corporation, Plaintiff–
Respondent,

v.

The **CITY OF GOODING,** an Idaho mu-
nicipal corporation, Gene Heller, in his
official capacity as Mayor of the City of
Gooding, Henry Morrison, Larry Ervin,
Isabella Cahoon, and Jim Muscat, in
their official capacities as members of
the City Council of the City of Gooding,
Defendants–Appellants.

No. 18083.

Court of Appeals of Idaho.

April 4, 1991.

Petition for Review Denied Nov. 4, 1991.

Lynn R. Nelson, Gooding, for defen-
dants-appellants.

Holden, Kidwell, Hahn & Crapo, Idaho
Falls, for plaintiff-respondent. Randall B.
Reed argued.

SWANSTROM, Judge.

This case involves a dispute over a public
works contract. The issues on appeal fo-
cus on a writ of prohibition stopping work
under the contract. For reasons explained
below, we vacate the trial court's order
granting the writ.

The issues are framed by the following
facts. Agricultural Services, Inc. (ASI) of
Blackfoot, Idaho, was the lowest bidder on
a public works construction contract with
the City of Gooding. However, the city
council found ASI's bid "unresponsive" be-
cause it failed to name a plumbing subcon-
tractor, as required by statute. Instead
the city awarded the contract to the next
lowest bidder, Lone Pine Equipment Co.
Lone Pine's bid also failed to name a
plumbing subcontractor. However, the
council determined that because Lone Pine
had a licensed plumber on its staff, the
statutory requirement had been satisfied.
ASI filed a complaint in district court, seek-
ing a writ of prohibition to restrain the city
from going forward with any work contem-
plated by the contract with Lone Pine and a
declaratory judgment that ASI was entitled
to the contract.

After the city filed its answer, the matter
was submitted to the district court on stip-
ulated facts and affidavits filed by both
parties. The district court held that nei-
ther ASI's nor Lone Pine's bid met statu-
tory requirements and that both bids were
"unresponsive and void." The court fur-
ther held that the city "had only jurisdic-
tion to refuse the bid and to either let the
bid to the next highest [sic] bidder, or to re-
bid the contract." Finally, the court con-
cluded that ASI had standing to object to
the actions of the city. The district court
issued a writ of prohibition against the city

but did not grant declaratory relief. This appeal followed.

The city challenges the writ primarily on four grounds. First, the city asserts that ASI lacks standing to challenge the city's action. Second, the city argues that its action in awarding the contract to Lone Pine was not in excess of its "jurisdiction." Third, the city contends that ASI had an adequate alternative remedy at law. And fourth, the city contends the writ should not have been issued, because the city was engaging in "ministerial" activities when it awarded the contract. We choose to address the "adequate alternative remedy" issue first because we believe it to be dispositive.

The decisions of the Supreme Court have consistently held that the writ of prohibition is extraordinary and is issued with caution. *State v. Leonardson,* 51 Idaho 646, 9 P.2d 1028 (1932); see also *Rust v. Stewart,* 7 Idaho 558, 64 P.2d 222 (1901). "A writ of prohibition serves a fundamental but narrow purpose. Its office is to determine if the body whose action is challenged was attempting to act without or in excess of its jurisdiction." *Clark v. Meehl,* 98 Idaho 641, 642, 570 P.2d 1331, 1332 (1977). It is axiomatic that the writ of prohibition is issued "with forbearance and caution, and only in cases of necessity, and ... will not issue if there exists an adequate remedy otherwise." *Taylor v. Girard,* 54 Idaho 787, 36 P.2d 773 (1934).[1]

■ The city contends that the writ of prohibition should not have been granted because ASI had other available remedies at law, namely, the relief under the (Idaho) Uniform Declaratory Judgment Act. I.C. §§ 10–1201 through 1217. Section 10–1201 of the Act states:

**Declaratory judgments authorized— Form and effect—**Courts of record with-

in their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

Section 10–1202 of the Act provides:

**Person interested or affected may have declaration.—**Any person interested under a deed, will, written contract or other writings constituting a contract or any oral contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

Clearly, this section is broad enough to provide the relief which ASI was seeking. *See, e.g., Iverson v. Canyon County,* 69 Idaho 132, 204 P.2d 259 (1949) (where question had arisen whether county by entering into contracts for construction of jail had created debts in excess of revenues available for year in which contracts were made, and where, as a result of such contracts, numerous suits against county officers were threatened and construction of new jail had been stopped, a "justiciable issue" for determination under Declaratory Judgment Act was presented).

■ A party to a declaratory judgment action may properly seek damages or other monetary relief to which he may be entitled. Moreover, ASI could have requested the issuance of a preliminary injunction or restraining order. I.R.C.P. 65(a) through

---

1. I.C. § 7–401. **Definition.—**The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person.
I.C. § 7–402. **When and how issued.—**It may be issued by any court except probate or jus-

tice's courts, to an inferior tribunal, or to a corporation, board or person in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. It is issued upon affidavit on the application of the person beneficially interested.

65(e). The Rules provide for a speedy determination of entitlement to such orders.

■ ASI contends that the requirement of a bond for a temporary restraining order or injunction is a barrier to this form of relief, whereas no bond is required with a writ of prohibition. In our view, however, the requirement of a bond does not deprive a party of a "plain, speedy and adequate remedy in the ordinary course of law." I.C. § 7–402. It is true that

> [n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, *in such sum as the court deems proper,* for the payment of such costs and damages including reasonable attorney's fees to be fixed by the court, as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. [Emphasis added].

I.R.C.P. 65(c). Thus, the bond requirement is an impediment to a party who wants the court to intervene before the controversy is determined on it merits. We view these requirements as beneficial and necessary in the interest of fairness and due process.

Of course, once a court has determined the merits of the controversy and has issued a judgment in the case, the court can proceed to enforce that judgment with such orders as are necessary. At this point, of course, no bond has to be posted by the prevailing party. Moreover, this point of finality can be reached just as quickly by way of a declaratory judgment as when the party is seeking a writ of prohibition. ASI has failed to show why a declaratory judgment would not have been a "plain, speedy and adequate remedy in the ordinary course of law."

In issuing the writ of prohibition, the district court relied upon *Neilsen & Co. v. Cassia and Twin Falls County Joint Class A School District 151,* 96 Idaho 763, 536 P.2d 1113 (1975), as a case that "is on all fours with our present fact situation." The factual situation is similar. The law in *Neilsen* does support the district court's conclusion here that "the City of Gooding had no authority to waive compliance with I.C. Section 67–2310 [requiring bids to list essential subcontractors]." Based on the evidence produced at the hearing, the district court could also conclude that "[w]here the bids of both [ASI], and Lone [Pine] failed to list the name and address of the subcontractor for plumbing, both bids are unresponsive and void." However, *Neilsen* does not support the proposition that the City of Gooding lacked "jurisdiction" to do what it did, or that ASI had "standing" to seek a writ of prohibition. In *Neilsen,* the Supreme Court did not discuss either of these issues. The reason it did not is because the district court denied Neilsen's request for a writ of prohibition, but gave Neilsen permission to file an amended complaint for damages. The Supreme Court noted that "[Neilsen] now seeks relief only for damages incurred in bidding the contract." 96 Idaho at 766, 536 P.2d at 1116. Because the district court had made no findings of fact concerning damages, the case was remanded for determination of damages. Likewise, in *Neilsen* the Supreme Court had no need to discuss "standing." Unlike ASI in the present case, Neilsen submitted a valid second lowest bid. Therefore, Neilsen, unlike ASI, would have been entitled to have his bid considered had the lowest bid been rejected because of its failure to designate a subcontractor as required by I.C. § 67–2310. Under these circumstances, Neilsen's "standing" apparently was not challenged and it was not discussed.

ASI has cited other Idaho cases for the proposition that Idaho courts have historically recognized the writ of prohibition as a "proper and appropriate remedy for violations of statute by a public body or official." *See, e.g., Seysler v. Mowery,* 29 Idaho 412, 160 P. 262 (1916); *Perrault v. Robinson,* 29 Idaho 267, 158 P. 1074 (1916); *Baker v. Gooding County,* 25 Idaho 506, 138 P. 342 (1914). All of these cases predate the adoption in Idaho of the Uniform Declaratory Judgment Act. Moreover, *Seysler* was not a writ of prohibition case; it dealt with an injunction *pendente lite.*

Our Supreme Court continues to adhere strictly to the principle that the extraordinary writs of prohibition and mandamus

are not available where an adequate remedy exists in the ordinary course of law, either legal or equitable. *Alumet v. Bear Lake Grazing Co.*, 119 Idaho 946, 812 P.2d 253 (1991). The party seeking the writ must prove that no such remedy exists. In the present case, such proof was lacking. Accordingly, we vacate the writ of prohibition and remand this case for further proceedings. Costs to appellant City of Gooding. No attorney fees awarded on appeal.

CAREY, J. Pro Tem., concurs.

BURNETT, J., participated in oral argument and was originally assigned to author the opinion in this case; however, his position to affirm was in the minority and he resigned before the foregoing opinion was written.