Julia JUBAN a/k/a Julia Jubon,
Executrix of the Estate of
John Hepak

v.

William C. SCHERMER, Holland Metro Inc. Realtors, Coldwell Banker, Froelich Realtors and Dee C. Steinheiser and Elaine Steinheiser, His Wife.

Appeal of William C. Schermer,
Appellant.

Superior Court of Pennsylvania.

Argued Nov. 17, 1999.
Filed May 5, 2000.

James R. Fryling, Erie, for appellant.

Eugene J. Brew Erie, for Steinheiser, appellee.

Before DEL SOLE, FORD ELLIOTT, and TAMILIA, JJ.

1. That Rule provides in pertinent part:
   **Rule 1733. Requirements for Supersedeas on Agreement or Application**
   **(a) General rule.** An appeal from an order which is not subject to Rule 1731 (automatic supersedeas of orders for the payment of money) shall, unless otherwise prescribed in or ordered pursuant to this chapter, operate as a supersedeas only upon the filing

FORD ELLIOTT, J.:

¶ 1 Before us is an order denying appellant William C. Schermer's ("Schermer's") petition to assess damages and retain bond, filed after this court affirmed a declaratory judgment entered in Schermer's favor. Because we find that § 7538 of the Declaratory Judgments Act, 42 Pa.C.S.A. § 7532–7541, ("DJA") authorizes a petition to assess damages based on a declaratory judgment, we reverse and remand. A brief review of the factual and procedural history of this case follows.

¶ 2 Julia Juban, a/k/a/ Julia Jubon ("Juban"), on behalf of her late father, entered into two competing Articles of Agreement for the Sale of Real Estate, one with Dee C. Steinheiser and Elaine Steinheiser for $95,000, and the other with Schermer for $90,000. Juban, who had transferred title to the property to Steinheisers on or about July 25, 1997, brought an action for declaratory relief, asking the court to determine which of the two agreements was valid. Following a non-jury trial, the court declared valid the Schermer agreement. Both Juban and Steinheisers filed exceptions to the trial court's *decree nisi* in favor of Schermer. The court denied the exceptions and entered its *decree nisi* as a final order on March 30, 1998.

¶ 3 On April 21, 1998, Steinheisers filed an appeal to this court. In response, Schermer filed a motion to set a bond hearing pursuant to Pa.R.App.P. 1733.[1] In his motion, Schermer claimed that Steinheisers refused to allow Schermer to inspect the property, of which they retained possession, and that Steinheisers had leased part of the property to an individual who was farming the leased parcel. (R.R.

with the clerk of the court below of appropriate security as prescribed in this rule. Either court may, upon its own motion or application of any party in interest, impose such terms and conditions as it deems just and will maintain the res or status quo pending final judgment or will facilitate the performance of the order if sustained.
Pa.R.App.P. 1733(a), 42 Pa.C.S.A.

at 26a.) The court ordered Steinheisers to post bond or pay cash security in the amount of $50,000 and further ordered Steinheisers not to encumber the land or make physical alterations to the land and its fixtures, including the fence. (R.R. at 29a.) Steinheisers did not post bond, however,[2] and also allegedly removed trees, removed a portion of the fence, and allowed 27 acres of the 60–acre parcel to be farmed. (R.R. at 30a–31a; notes of testimony, 5/22/98 at 9–10.)

¶ 4 On December 22, 1998, this court affirmed the trial court's judgment in favor of Schermer. Steinheisers then transferred possession of the land to Schermer on February 12, 1999, and on February 16, 1999, Schermer filed the petition underlying this appeal. In his petition, Schermer claimed that Steinheisers had caused damage to the property by removing trees and allowing cultivation of approximately 27 acres of the land. Schermer also claimed that Steinheisers had received benefits in the form of the fair rental value of the home, land, and buildings and in the receipt of oil and gas royalties since they took possession on July 27, 1997. (R.R. at 30a–31a.) Steinheisers filed preliminary objections in the nature of a demurrer. The trial court denied Schermer's petition by order entered March 24, 1999 "because no case law authority exists that would allow a damage claim in a declaratory judgment action." (R.R. at 39a.) This timely appeal followed.

¶ 5 Our standard of review is well established:

> When reviewing an order granting preliminary objections in the nature of a demurrer, an appellate court applies the same standard employed by the trial court: all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purposes of review. The question presented by the demurrer

is whether, on the facts averred, the law says with certainty that no recovery is possible. Where any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer.

*Jackson v. Garland*, 424 Pa.Super. 378, 622 A.2d 969, 970 (1993) (citations omitted).

¶ 6 The issue before us asks us to determine whether the DJA allows a damage claim subsequent and supplemental to the entry of a declaratory judgment. The parties cite the same two cases in support of both of their positions; *Kelmo Enterprises v. Commercial Union Ins.*, 285 Pa.Super. 13, 426 A.2d 680 (1981), disapproved on other grounds, Standard Venetian Blind Co. v. American Empire Ins. Co., 503 Pa. 300, 469 A.2d 563 (1983); and *Mueller v. State Police Headquarters*, 110 Pa. Cmwlth. 265, 532 A.2d 900 (1987). We find neither case dispositive of the issue.

¶ 7 In *Kelmo*, this court addressed the issue whether the trial court erred when it awarded attorneys' fees and costs to an insured who brought a declaratory judgment action to establish his insurer's duty to defend. We concluded that such an award was appropriate where the insurer's refusal to defend was unreasonable and in bad faith. *Kelmo*, 426 A.2d at 685. Thus, while *Kelmo* lends support to Schermer's position, it is not dispositive because both its facts and its holding are distinguishable.

¶ 8 In *Mueller*, a prisoner sought both mandamus and declaratory relief, claiming that Department of Corrections officials violated their duty to file or investigate criminal complaints after Mueller alleged criminal conduct on the part of several corrections officers. The Commonwealth Court addressed the issue whether a prisoner seeking a declaratory judgment as to his rights under a Department of Correc-

---

**2.** Steinheisers claim they attempted to file a letter of credit in lieu of a bond pursuant to Pa.R.App.P. 1734(a)(2), but that Schermer's counsel would not agree to certain language required by the issuing bank. (R.R. at 35a.)

tions Administrative Directive and as to the legal effect of certain actions by Department personnel could also seek an assessment of compensatory and punitive damages under the Act. *Mueller*, 532 A.2d at 905. Finding that assessment of compensatory and punitive damages was outside the scope of the DJA, the Commonwealth Court held that the Act did not allow such a claim for damages. *Id.*

¶ 9 We find *Mueller* both factually and procedurally distinguishable because Mueller made claims for damages before the court determined whether he was entitled to declaratory relief. As a result, Mueller was not claiming damages based on a declaration of rights in his favor. We also find *Mueller* distinguishable because that court did not discuss the applicability of § 7538 of the Act, discussed *infra* and relevant to this case, to Mueller's claim for damages.

¶ 10 We agree with the *Mueller* court, however, that "[t]he purpose of the Declaratory Judgments Act ... is to afford relief from uncertainty and insecurity with respect to legal rights, status and other relations." *Mueller*, 532 A.2d at 905, citing *Fidelity Bank v. Pennsylvania Turnpike Commission,* 498 Pa. 80, 444 A.2d 1154 (1982). We also agree that the Act describes the power of courts of record under the Act as "the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." 42 Pa.C.S.A. § 7532. Nevertheless, the legislature has also declared that the Act is to be remedial and is to be liberally construed. 42 Pa.C.S.A. § 7541. Additionally, the Act provides for supplemental judicial relief based on a declaratory judgment or decree. 42 Pa.C.S.A. § 7538. We set forth the relevant portion of that section:

§ 7538. **Applications for relief**

(a) **General rule.**—Judicial relief based on a declaratory judgment or decree may be granted whenever necessary or proper, subject to Chapter 55 (relating to limitation of time). If an application for supplemental relief is deemed sufficient the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by a previously entered declaratory judgment or decree to show cause why further relief should not be granted.

*Id.*

¶ 11 We have found only one Pennsylvania appellate case tangentially addressing the issue whether this section allows a party whose rights have been established by declaratory judgment to file a subsequent and supplemental application for damages based on the declaratory judgment. In *Philadelphia Manufacturers Mut. Fire Ins. Co. v. Rose*, 364 Pa. 15, 70 A.2d 316 (1950), an insurer and insured sought a declaration as to their respective rights under a policy of fire insurance when fire partially destroyed one of the insured's buildings. The trial court found that the policy did not cover the partially destroyed building, and the insured filed exceptions; however the *en banc* court did not address the insured's exceptions, concluding that a declaratory judgment proceeding was not an optional substitute for an action of assumpsit. *Id.* at 21, 70 A.2d at 318.

¶ 12 The supreme court reversed, however, because the legislature had recently amended the DJA to allow a party to seek declaratory relief even where the controversy was susceptible of relief though a general common law or equitable remedy. *Id.* at , 70 A.2d at 319, citing 12 P.S. § 836 (repealed). Noting that declaratory judgments were frequently used to determine coverage in insurance cases, the supreme court opined that regardless of the form of the declaration, whether for insurer or insured, the declaration would end the controversy. *Id.* at , 70 A.2d at 320. According to the supreme court, "The proceeding should not be dismissed because in one contingency it may be necessary, either *by supplementary proceedings in this case* or by independent action, based on what may

be adjudicated in this case, *to determine the amount of the damage payable." Id.,* citing 12 P.S. § 838[3] (emphasis added).

¶ 13 While we recognize that this statement in *Rose* is *dictum,* we are mindful that "when presented with an issue for which there is no clear precedent, our role as an intermediate appellate court is to resolve the issue as we predict our Supreme Court would do." *State Farm Mutual Automobile Ins. Co. v. Universal Underwriters Ins. Co.,* 441 Pa.Super. 446, 657 A.2d 1252, 1260 (1995), *reversed on other grounds,* 549 Pa. 518, 701 A.2d 1330 (1997). Based on *Rose, supra,* we predict that our supreme court would interpret § 7538 to allow a party whose rights have been established by declaratory judgment to file a supplemental application for damages based on the declaratory judgment. This is particularly true in a case such as this, in which the court is exercising its fundamental power to enforce its own order and judgment by entering a damage award. *See Commonwealth v. Shaffer,* 551 Pa. 622, 625–27, 712 A.2d 749, 751 (1998) ("it is axiomatic that a court has inherent power to enforce its own orders of court").

¶ 14 We find support for our conclusion in case law from other jurisdictions that have adopted the Uniform Declaratory Judgments Act, on which both 12 P.S. § 838 and 42 Pa.C.S.A. § 7538 are based. Section 8 of the Uniform Act, entitled "Supplemental Relief," provides:

> Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.

**3.** 12 P.S. § 838 is the predecessor to § 7538.

Unif. Declaratory Judgments Act § 8, 12A U.L.A. 395 (1996).

¶ 15 Many of the jurisdictions adopting this section of the Uniform Act have upheld an award of damages or a money judgment as a consequence of an award of declaratory relief. *See e.g., Paduch v. City of Johnson City,* 896 S.W.2d 767, 771 (Tenn.1995) (the further relief authorized by the Uniform Declaratory Judgment Act, codified as Chapter 14 of Title 29 of the Tennessee Code Annotated, may include the award of damages wherever such an award is necessary and proper); *Goodover v. Lindey's Inc.,* 255 Mont. 430, 437–39, 843 P.2d 765, 770 (1992) (Uniform Declaratory Judgments Act enables the trial court to retain jurisdiction and to grant further relief as it deems necessary and proper to enforce the declaratory judgment; court is not bound by relief requested in the complaint but may order any relief needed to effectuate the judgment). In *Goodover,* the Montana supreme court affirmed the trial court's determination that both monetary damages and coercive relief were necessary to provide complete relief to Goodover after the court determined that Lindey's encroached on Goodover's property. *See also Agricultural Services, Inc. v. City of Gooding,* 120 Idaho 627, 628, 818 P.2d 331, 332 (1991) (party to a declaratory judgment action may properly seek damages or other monetary relief to which he may be entitled; once a court has determined the merits of the controversy and has issued a judgment, the court can proceed to enforce that judgment with such orders as are necessary); *Dry Canyon Farms, Inc. v. U.S. Nat. Bank of Oregon,* 96 Or.App. 190, 192–95, 772 P.2d 1343, 1344–1345 (1989) (bank which obtained declaratory judgment establishing that it had a valid security interest in cash proceeds of a crop in possession of a corporation, was not foreclosed from obtaining damages on a request for supplemental relief by its failure to claim such damages in its original declaratory pro-

ceeding); *Satterfield v. Layton*, 669 S.W.2d 287, 289 (Mo.Ct.App.1984) (trial court may give money judgment when such is warranted in declaratory judgment action).

¶ 16 In *Thomas v. Cilbe, Inc.*, 104 So.2d 397, 402 (Fla.Dist.Ct.App., 2d Dist.1958), the Florida court of appeals held that a money judgment may be obtained for damages sought as incidental or supplemental relief pursuant to a declaratory decree. The appellant in *Thomas* initially sought a declaration as to the validity and construction of certain leases and subleases involving property he owned. After the chancellor entered a declaratory decree, appellant filed petitions for supplemental relief based on the declaratory decree, seeking relief in the form of rents, repairs, taxes, costs, and attorneys' fees. *Id.* at 398. The *Thomas* court noted that Florida's statute, derived from the Uniform Declaratory Judgments Act, authorizes "in a proper case an additional and distinct adjudication based upon and to supplement the declaratory decree." *Id.* at 400. The *Thomas* court then quoted extensively from 2 Walter H. Anderson, Actions for Declaratory Judgments § 451 (2d ed.1951). *Thomas*, 104 So.2d at 401. We set forth the relevant text from Anderson:

> It is now firmly established beyond peradventure of doubt that the supplemental relief contemplated by the statutes is not limited to further declaratory relief, and such further relief may include an assessment of damages or other coercive relief which may be obtained by a petition in the same action and in the same court in which the declaratory relief was granted.
>
> . . . .
>
> The supplemental relief may be any relief necessary to make effective the declaratory judgment, even though it consists in the granting of a money judgment in the case, after the rendition of the declaratory decree.
>
> It would seem that the sounder rule is that the supplemental or additional relief may be granted in the same action, or cause, and that the court, upon a sufficient pleading having been filed therefor, so long as the court avoids rendering a judgment deciding merely a moot, fictitious, or colorable question, it may grant any relief, whether declaratory or executory, to carry into effect its declaratory order, judgment or decree. . . .
>
> . . . .
>
> . . . It would be unreasonable to hold that a court had jurisdiction to determine the rights of the parties, but the successful party had no remedy to enforce such rights after they had been determined. . . .

Anderson at 1056–1059. As the *Thomas* court concluded, "[W]e can see that in a declaratory proceeding . . . a multiplicity of suits can be avoided, while an adequate, expedient, and inexpensive remedy can be afforded for litigants in a single action." *Thomas*, 104 So.2d at 403. *See also Dry Canyon Farms, Inc.*, 772 P.2d at 1345 (quoting Anderson with approval).

¶ 17 The federal Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*, also provides for further relief based on a declaratory judgment. 28 U.S.C.A. § 2202. Section 2202, entitled "Further relief," provides that "Further necessary or proper relief based on a declaratory judgment or decree may be granted after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." *Id.* Courts construing that section have allowed damages or a money judgment in a declaratory judgment proceeding. *See Freed v. Travelers*, 300 F.2d 395, 399 (7th Cir.1962) (district court may grant substantive relief in the form of a monetary judgment in a declaratory judgment proceeding); *Edward B. Marks Music Corp. v. Charles K. Harris Music Pub. Co.*, 255 F.2d 518, 522 (2nd Cir.1958) (court could award damages for infringement of a copyright to supplement a declaratory judgment that plaintiff was the sole owner of the copyright even

though damages had not been claimed in the complaint), *cert. denied*, 358 U.S. 831, 79 S.Ct. 51, 3 L.Ed.2d 69 (1958); *Hobson v. Eaton*, 26 Ohio Misc. 59, 327 F.Supp. 74, 80 (1970) (even where state court retained jurisdiction to hear and decide issues as to damages from the wrongful issuance of a temporary restraining order, federal court had authority under § 2202 to render the same relief).[4] As one court observed, the purpose of the statute permitting further relief after declaratory judgment is to carry out the principle that every court, with few exceptions, has the inherent power to enforce its own decrees and make such orders as may be necessary to render them effective. *In re Bicoastal Corp.*, 156 B.R. 327, 331 (Bankr.M.D.Fla.1993). As a result, the *Bicoastal* court further opined that neither a completed appeal nor a considerable delay after the trial court's ruling deprives the trial court of authority to grant further relief under the Declaratory Judgments Act. *Id.*

¶18 Based on the foregoing, we therefore find that § 7538 of the DJA authorized Schermer to file a supplemental petition to assess damages based on the declaratory judgment in his favor. We recognize, however, that the legislature has delegated to the trial court the task of determining whether such supplemental relief is "necessary and proper" in a particular case. 42 Pa.C.S.A. § 7538. *See also Paduch*, 896 S.W.2d at 771 (before an award of damages can be affirmed, an appellate court must determine whether the damages awarded were "necessary or proper" within the statute). In this case, however, the trial court made no such determination, having concluded that "no case law authority exists that would allow a damage claim in a declaratory judgment action." (R.R. at 39a.)

¶19 As a result, we reverse the trial court's order dismissing Schermer's petition and remand for that court to consider Schermer's petition consistently with this opinion.

¶20 Reversed and remanded. Jurisdiction is relinquished.

4. It has also been held ·that a motion for further relief based on a declaratory judgment was timely when it was filed less than two months after a decision by an appellate court affirming a district court decision. *Horn & Hardart Co. v. National R.R. Passenger, Corp.*, 659 F.Supp. 1258, 1263 (D.C.Dist.Ct.1987),

*affirmed*, 843 F.2d 546 (D.C.Cir.1988), `cert. denied`, 488 U.S. 849, 109 S.Ct. 129, 102 L.Ed.2d 102 (1988). *See also Dry Canyon. Farms*, 772 P.2d at 1345–1346 (trial court has jurisdiction to hold a hearing and grant supplemental relief after appellate judgment).