# Partlow v. American Red Cross

C.P. of Philadelphia County, August Term 2000, no. 629.

*Larry Pitt* and *George D. Walker,* for plaintiff.
*Richard Lee Strouse,* for defendant.

ABRAMSON, *J.,* April 8, 2002—

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff-appellant filed a complaint alleging wrongful discharge, violation of the Pennsylvania Human Relations Act, and violation of the Philadelphia Fair Practices Ordinance. Defendant-appellee timely filed preliminary objections to plaintiff's complaint requesting, inter alia, that the court dismiss plaintiff's claim for wrongful discharge (Count III). Plaintiff's cause of action for wrongful discharge was based upon disability discrimination for a physical disability he incurred through a work-related injury. On March 21, 2002, the court sustained defendant's preliminary objections and dismissed the wrongful discharge count of plaintiff's complaint for failure to state a claim upon which relief could be granted. Plaintiff appeals that order today.

## II. DISCUSSION

### A. *Standard of Review*

On review of a trial court's order sustaining preliminary objections for failure to state a claim upon which relief may be granted, an appellate court applies the same standard applied by the trial court that all material facts set forth in the complaint and all reasonable inferences are admitted as true for the purposes of review. *Juban v. Schermer,* 751 A.2d 1190, 1192 (Pa. Super. 2000). On review of a demurrer, the Superior Court must reverse "if any doubt exists as to whether a demurrer should be sustained." *Wiernik v. PHH U.S. Mortgage Corp.,* 736 A.2d 616, 619 (Pa. Super. 1999).

### B. *Wrongful Discharge Under* Shick v. Shirey

Defendant argued that the claim is preempted by the Pennsylvania Human Relations Act. This court agreed.

Plaintiff argued that his wrongful discharge claim was based on a separate and distinct cause of action from his claim under PHRA, as delineated by *Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1998).

As a general rule, Pennsylvania recognizes no common-law cause of action against an employer for termination of an at-will employment relationship. *Clay v. Advanced Computer Applications,* 522 Pa. 86, 559 A.2d 917 (1989). "An exception to this rule has been recognized in the most limited of circumstances, where the discharge of an at-will employee would threaten clear mandates of public policy." *Kroen v. Bedway Security*

*Agency Inc.,* 430 Pa. Super. 83, 92, 633 A.2d 628, 632 (1993). Such public policy can be established only when "the employee . . . point[s] to a clear public policy articulated in the constitution, in legislation, an administrative regulation, or a judicial decision." *Hunger v. Grand Central Sanitation,* 447 Pa. Super. 575, 580, 670 A.2d 173, 175 (1996). That policy, moreover, "must be applicable directly to the employee and the employee's actions. It is not sufficient that the employer's actions toward the employee are unfair." *Hunger,* 447 Pa. Super. at 580-81, 670 A.2d at 175-76. Additionally, all claims are preempted by the statutory remedies under the Pennsylvania Human Relations Acts and must be pursued through the Human Relations Commissions first. *Jacques v. Akzo International Salt Inc.,* 422 Pa. Super. 419, 619 A.2d 748 (1993); *McDaniel,* 58 F. Supp.2d 628.

Recognized public policy exceptions include: (1) discharge for filing an unemployment compensation claim, *Highhouse v. Avery Transportation,* 443 Pa. Super. 120, 660 A.2d 1374 (1995), *Shick,* 552 Pa. 590; (2) discharge for refusal to submit to a polygraph test, *Kroen,* 430 Pa. Super. 83, 633 A.2d 628 (1993); (3) discharge for serving on a jury, *Reuther v. Fowler & Williams Inc.,* 255 Pa. Super. 28, 386 A.2d 119 (1978); and (4) discharge based upon performance of a statutory duty to report violations involving nuclear materials, *Field v. Philadelphia Electric Co.,* 388 Pa. Super. 400, 565 A.2d 1170 (1989). Rejected public policy exceptions include: (1) failure to reappoint employee because of employee inability to prevent her husband from speaking out on public issues, *Burkholder v. Hutchinson,* 403 Pa. Super. 498, 589 A.2d

721 (1991); (2) manager failing to report sexual harassment when asked by employee not to report, *McDaniel,* 58 F. Supp.2d 628; and (3) retaliation for filing workers' compensation claim where plaintiff admitted she was not fired but removed herself, *Wilcha v. First National Bank of Jermyn,* 25 D.&C.4th 47 (1995).

For purposes of examination of preliminary objections in the nature of a demurrer, the court must accept as true all pleaded facts. *Juban,* 751 A.2d at 1192. As contained within the complaint, plaintiff's cause of action for wrongful discharge was based on discrimination for physical disability that he incurred through a work-related injury. Due to the injury, plaintiff was out of work for 15 days. When he returned, he was placed on light duty. Plaintiff was unable to receive medical treatment for his work injuries due to pre-existing hypertension. Sometime thereafter, plaintiff was released to return to his pre-injury job contingent upon permission from his primary care physician. Plaintiff informed his employer that he had been released to return to work by the employer's workers' compensation physician subject to a medical release from his primary care physician who was treating his hypertension. On March 10, 1999, plaintiff was terminated for failure to notify the employer of his inability to return to work.

Upon examination of these facts contained in the complaint, the court concluded that plaintiff's grievance did not fall into any of the limited exceptions carved out for public policy concerns. All pertinent cases considered together, the public policy exceptions are all based upon employer disallowance of employees to perform duties

or exercise rights inured to them under statutes. Here, there is no statutory right or duty upon which plaintiff alleges to have been precluded from exercising. The proper cause of action in this case is violation of the PHRA. Plaintiff's complaint, Count I, included such a cause of action. Plaintiff cites *Shick,* 552 Pa. 590, 716 A.2d 1231, which held that a cause of action could be maintained for wrongful discharge where the employee was discharged for filing a workers' compensation claim. That case is readily distinguishable from the case here. The right to file a workers' compensation claim is a right promulgated by statute and the right conferred (to file a workers' compensation claim) is outside of the PHRA. Therefore, the cause of action for wrongful discrimination is preempted by the statutory remedies procured by the PHRA.

In conclusion, this court properly sustained defendant's preliminary objections and properly dismissed plaintiff's cause of action for wrongful discharge for failure to state a claim upon which relief may be granted where there is no recognized public policy exception to the "at-will" employment doctrine for disability discrimination.