## Turnberry Mews Condominium Association, Inc. v. Jams Properties, LLC

---

37. Pl.'s memo op. defs.' mot. summ. J. p. 28.

C.P. of Northampton County, No. C-48-CV-2013-5150

*Wallace B. Eldgridge, III*, for plaintiff.
*Ian T. Baxter*, for defendant.

BELTRAMI, *J.*, January 16, 2014—This matter is before the court on "Plaintiff's Petition for Ancillary Relief in the Form of a Declaratory Judgment pursuant to Pa. R.C.P. 1602" ("petition"). Briefs have been submitted, and oral argument was heard on November 12, 2013. The matter is now ready for disposition. For the reasons that follow, plaintiff's petition will be granted, in part.

The relevant facts are as follows. Plaintiff is the Owners Association of a condominium community, known as Turnberry Mews, located in the City of Bethlehem, Northampton County, Pennsylvania. (Stipulation of counsel, ex. A, sections 2.1, 5.1.) Turnberry Mews was created by and is subject to a "Declaration of covenants, conditions and restrictions for Turnberry Mews" ("declaration"), dated October 24, 2005. (Stipulation of counsel, ex. A.) By virtue of a sheriff's deed, defendant Jams Profits, LLC ("defendant") is the owner of real estate designated as units 1A, 1B, 1C, 1D, 1E, 7A, 7B, 7C, and 7D, as shown on the plan for Turnberry Mews.[1] (Stipulation of counsel, exs. B, D.) Defendant's real estate consists of nine vacant lots. (Stipulation of counsel ¶ 8.) The lots are developed only with infrastructure, including "paved streets, concrete curbing, Belgian block curbing, driveway indentations, individual utility supply lines, operating lamp posts, and evergreen and deciduous trees and shrubs." (*Id.*)

On June 3, 2013, plaintiff filed a complaint seeking

---

1. The parties agree that defendant Jams Properties, LLC "is not a proper party to the within action and may be dismissed as such upon motion of either counsel." (Stipulation of Counsel ¶ 4.)

damages of $41,408.98 from defendant for unpaid annual general assessments, late fees, and attorney's fees it claims are due under the declaration. On July 3, 2013, defendant filed an answer and new matter, in which it alleges that, because the lots are undeveloped, no annual general assessments are due under the declaration.

On August 9, 2013, plaintiff filed the instant petition, which asks the court to declare that defendant is liable for annual general assessments, interest, late fees, and attorney's fees under the terms of the declaration. Defendant filed an answer and new matter on August 29, 2013, and argues that because its lots are currently vacant, payment of annual general assessments is not required by the declaration. The case was placed on the argument list of November 12, 2013. On November 12, 2013, the parties filed a stipulation of counsel, which contains the record for decision.

The declaratory judgments act grants this court the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." 42 Pa.C.S.A. § 7532. The purpose of a declaratory judgment is "to afford relief from uncertainty and insecurity with respect to legal rights, statuses, and other relations." *Keystone Aerial Surveys, Inc. v. Pa. Prop. & Cas. Ins. Guar. Ass'n*, 777 A.2d 84, 88 (Pa. Super. 2001) (quoting *Juban v. Schermer*, 751 A.2d 1190, 1193 (Pa. Super. 2000)). A declaratory judgment is appropriate in an action based on contract since "[a]ny person interested under a...written contract...may have determined any question of construction or validity arising under the...contract.... and obtain a declaration of rights, status, or other legal relations thereunder." 42 Pa.C.S.A. § 7533.

In this case, plaintiff has asked the court to interpret the declaration, which governs the parties' rights and obligations and is subject to Pennsylvania's Uniform Condominium Act ("the Act"). 68 Pa.C.S.A. §§ 3101-3414. Under the act, "common expenses shall be assessed against all the units in accordance with the common expense liability allocated to each unit." *Id.* § 3314(b). The act defines a "Unit" as "[a] portion of the condominium designated for separate ownership." *Id.* § 3103.

The act's definition of a unit does not differentiate between condominium lots with constructed buildings ready for habitation and vacant lots. *See id.* In *Centennial Station Condo. Ass'n v. Schaeffer Co. Builders, Inc.*, 800 A.2d 379, 381 (Pa. Super. 2002), a developer challenged its liability for condominium fees for unbuilt or non-existent units. The Superior Court determined that because the act does not explicitly distinguish between unconstructed and constructed units, vacant lots are considered units under the act's broad definition. *Id.* at 384. The court concluded that because vacant lots are encompassed by the definition, the owners of such lots were required to pay assessment fees to the condominium's association. *Id.*

Nevertheless, the act permits a declaration to define terms differently than those terms are defined within the Act. 68 Pa.C.S.A. § 3101. If a term is defined by a condominium community's declaration, the declaration's definition will control the rights and obligations of the parties. *Id.* In the instant case, the declaration does not distinguish between unconstructed and constructed units. Rather, like Section 3103 of the act, section 1.32 of the declaration defines a "unit" as that "part of the condominium designated and intended for independent ownership and

use." (Stipulation of counsel, ex. A, section 1.32.) While section 2.2 describes a constructed "Unit" as "the space within the area bounded by the interior surface of its perimeter walls," where, as here, there are simply vacant lots with no constructed buildings and, consequently, no perimeter walls, that "part of the condominium designated and intended for independent ownership and use" is logically represented by the lots designated on the plan. (Stipulation of counsel, ex. A, sections 1.32, 2.2.) In fact, the declaration defines an "owner" of a "unit" as "any person or entity which is the recorded or equitable owner of title to the surface of any Lot." (Stipulation of counsel, ex. A, section 1.23.) In this case, it is undisputed that defendant has accepted the deed to nine lots in Turnberry Mews. Thus, defendant is the sole recorded "owner" of the title to the surface of the lots in question. Section 5.4 of the declaration states that "each owner by acceptance of a deed of real estate within the property is deemed to covenant and agree to pay to the association" assessments, including annual general assessments, as outlined in sections 5.4 through 5.13. (Stipulation of counsel, ex. A, sections 5.4-5.13.) Section 5.8 of the declaration states that "[t]he annual assessments shall commence on the date that a unit is conveyed to an owner." (Stipulation of counsel, ex. A, section 5.8.) Accordingly, defendant is entitled to a declaration that defendant is obligated to pay assessments, including annual general assessments from the date it took title to the units, or from November 7, 2012.[2] The amount

2. Defendant argues that the definition of "Owner" mentions "actual possession of a Unit," implying that there must be a constructed Unit. (Stipulation of Counsel, Ex. A, section 1.23.) However, that phrase simply serves to bring security holders in actual possession of a Unit, whether a vacant lot or a lot with a structure on it, within the definition of the term "Owner." (*See id.*) Further, as noted above, a vacant lot is a "Unit" pursuant to the Declaration. Defendant is the fee simple owner of

414

due to plaintiff by defendant shall be determined at the trial on plaintiff's complaint.

WHEREFORE, the court enters the following:

## ORDER OF COURT

And now, this 16th day of January, 2014, "plaintiff's petition for ancillary relief in the form of a declaratory judgment pursuant to Pa. R.C.P. 1602" is hereby granted, in part. It is hereby declared that defendant, Jams Profits, LLC, is required to pay assessments, including annual general assessments from November 7, 2012, for units 1A, 1B, 1C, 1D, 1E, 7A, 7B, 7C, and 7D of Turnberry Mews Condominiums, pursuant to sections 5.4-5.13 of the "declaration of covenants, conditions and restrictions for Turnberry Mews" dated October 24, 2005.

The court administrator shall place this case on the next available status conference list for the court to set discovery deadlines and/or schedule the case for arbitration or a pre-trial conference.

---

the nine "Units" in question and does not hold the properties as a security interest for any obligation. Finally, section 5.4 of the Declaration never uses the term "Unit" to create the obligation to pay assessments. Rather, the obligation is created when a person or entity becomes an "Owner," which includes the owner of a vacant lot. (*See* Stipulation of Counsel, Ex. A, section 1.23.)